# CONSOLIDATED FLOUR MILLS CO. v. E. L. MILLER.

### Springfield Court of Appeals, March 11, 1922.

1. **SALES: Seller's Measure of Damages for Refusal of Buyer to Accept Goods Stated.** The seller's measure of damages for buyer's failure to accept a commodity such as was usually sold by seller in the course of its business was the difference between the contract price and the market value of the goods contracted for at the time and place of delivery.

2. ———: **Burden of Proof on Seller.** Where contract for purchase of goods provided that upon a breach thereof by buyer, seller could cancel the contract and recover the difference between the market price and the contract price, and the petition of seller, based on refusal of buyer to accept the goods showed that seller had elected to pursue this remedy, the seller had the burden of proving the difference between the market price and the contract price at the place of delivery.

3. ———: **Testimony as to Market Price at Any Place Other Than Place of Delivery Insufficient as Basis for Judgment.** Testimony as to the market price of flour at a place other than that of delivery *held* not sufficient as basis for a judgment for seller suing buyer for refusal to accept goods, for difference between contract price and market price, in the absence of a showing that there was no market price at the place of delivery.

Appeal from the Circuit Court of Laclede County.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*J. F. Rhodes* and *Phil M. Donnelley* for appellant.

There can be no cancellation of a contract in the absence of fraud or mutual mistake without the consent of both parties to the contract. Davis v. Bond, 75 Mo.

App. 507.; McGregor-Noe Hardware Co. v. Livesay, 85 Mo. App. 271.

*L. W. Mayfield & Son* and *L. C. Mayfield* for respondent.

(1) The place of delivery was Conway, Mo. Where a contract specifies that freight is allowed to destination, then that becomes the place of delivery. Street v. Wethern Bag Co., 200 S. W. 739, l. c. 742. (2) This being a commodity such as was usually sold by plaintiff in the course of its trade, and not a contract to manufacture a specific article, for which special work and labor is required, the measure of plaintiff's damage is the difference between the contract price and the market price of the goods contracted for at the time and place of delivery. Brown v. Asphalt Mfg. Co., 210 Mo. l. c. 273, 274. (3) Plaintiff's petition is based upon the theory of the difference between the contract price and the market value of the goods. It devolved upon him to prove that difference at the place of sale and delivery, and unless he so shows the judgment of the court was proper. Brown v. Asphalt Mfg. Co., supra. (4) The plaintiff's case being bottomed upon the contract the proof estimating the damage at what the commodities brought on a resale makes a variance, and the court could assess damages as he saw proper. Rock v. Farmers Produce Co., 217 S. W. par. 2, 635.

FARRINGTON, J.—This suit is based on breach of a contract by defendant in the purchase of forty-three and three-fourths barrels of flour, 300 sacks of bran and 100 sacks of shorts. A judgment was rendered in plaintiff's favor for $25, and it appeals. Defendant admits that he breached this contract, and makes no complaint of the judgment. The contract of sale provides for several elections on plaintiff's part should defendant breach, one of which was as follows:

"(A) Cancel this contract in which event buyer agrees to pay to seller an entry charge of twenty-five

cents per barrel on flour and fifty cents per ton on other products, plus or minus the then market price different in the commodity covered by this contract.''

Plaintiff, according to its petition, elected to apply this remedy to defendant's breach, as it specifies its damage on the decline in the market price of the flour, the bran and shorts, fixing the date as of January 3, 1921. The contract was dated November 3, 1920, and provided for shipment sixty days. Leaving out of consideration the question, about which there is some difference of opinion, as to the date of the breach, we will take appellant's view that January 3, 1921, was the proper date to fix the damage.

The petition, as stated before, shows that plaintiff elected to hold defendant for the difference between the market price of the goods on the date of the breach, January 3, 1921, and the contract price plus what was designated in the contract as an entry charge. The entry charge claimed was $10.93 on the flour and $10 on the bran and shorts.

The plaintiff's place of business was at Hutchinson, Kansas, and defendant's place of business at Conway, Mo. The contract contained the following provision:

''Prices in this contract are for delivery to carrier at shipping point, with freight allowed to Conway, Mo. on basis freight rate in effect on date of sale.''

The plaintiff, to prove its damage, put on the stand two witnesses, one the Secretary and General Manager of the plaintiff company—and his testimony went no farther than to show that the plaintiff had resold the bran and shorts on defendant's account and that it brought $177.50 less than the contract price; this amount together with the entry charge making the amount claimed in the petition to be $198.43. The other witness was an agent of another milling concern. He testified that he knew what the market price of his flour was in Conway on January 3, 1921, and that the flour which

plaintiff made and was sold in the contract ran about the same as his, and that the difference in the market price of his flour in Conway was $2 a barrel less on January 3, 1921 than it was on November 3, 1920.

Defendant testified that he did not know what the difference in the market price of plaintiff's flour was on the two dates mentioned, but that quotations on other dealers' flour led him to believe that there was a depreciation in the price of about fifty cents per barrel. There was no testimony as to what the market price of the shorts and bran was on January 3, 1921, at Conway.

The trial court gave judgment for $25, which would be enough to allow in full for the entry charge, plus the nominal sum of $4.07 damage for the confessed breach.

Under the evidence introduced and the statement of the law the plaintiff is in no position to complain, because the place of delivery was Conway, Missouri. The contract so specified and plaintiff has so pleaded. Where a contract specifies that freight is allowed to destination, then that becomes the place of delivery. [Street v. Wethern Bag Co., 200 S. W. 739, l. c. 742.]

This being a commodity, such as usually sold by plaintiff in the course of its trade, and not a contract to manufacture a specific article, for which special work and labor is required, the measure of plaintiff's damage is the difference between the contract price and the market value of the goods contracted for at the time and place of delivery.. [Brown v. Asphalt Co., 210 Mo. l. c. 273, 274, 109 S. W. 22.] Besides, plaintiff's petition shows that it elected to recover the difference between the market price and the contract price, and it devolved upon plaintiff to prove that difference at the place of delivery, and unless it so shows, the judgment of the court was proper. [Brown v. Asphalt Co., 210 Mo. l. c. 273, 274, 109 S. W. 22.]

Plaintiff's witness, the secretary and manager, furnished no proof whatever as to what the market prices of the commodities were in Conway, Mo., on January

3, 1921, as his evidence only showed what they sold for in Hutchinson, Kansas, on that date, and there is no proof whatever in the record that there was not a market place for these specific articles in Conway on said date. Absent a showing in this respect furnished no basis for the other witness offered by plaintiff showing what other flour similar to this was worth. And the same is true of defendant's testimony. There was, therefore, no evidence upon which the court could correctly measure plaintiff's damage, and a finding for nominal damage after allowing for the entry charge was proper. [See Brown v. Asphalt Co., 210 Mo. l. c. 275.]

The plaintiff is in much the same condition as was the plaintiff in the case of Rock v. Farmers' Produce Co., 217 S. W. 635, as shown in the second paragraph of the opinion.

The facts in this case are clearly distinguished from those in J. C. Lysle Milling Co. v. Sharp, 207 S. W. 72, and other cases cited by appellant.

Finding no reversible error, the judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.