## DAVIS v. THE IOWA STATE INS. CO.

1. **Fire Insurance**: INTEREST OF ASSURED AS DETERMINED FROM CONSTRUCTION OF DEED: POLICY FORFEITED BY FAILURE TO DISCLOSE TRUE INTEREST. The policy sued on provided that if the interest of the assured in the property was not absolute, it must be so stated in the policy, or it would be void. The deed under which the assured held contained the following clause as a part of the description of the property and estate conveyed: "The intention being to convey to (the grantee) a life estate in said real estate, and at her death to then vest the title in her children." *Held* that the assured had only a life estate, and that, as the fact of her limited estate was not stated in the policy, it was void by its own terms, and no recovery could be had thereon.

*Appeal from Clinton District Court.*

FRIDAY, DECEMBER 11.

ACTION upon a policy of insurance. The cause was tried to the court without a jury, and judgment was rendered for plaintiff. Defendant appeals.

*Craig, Collier & Craig* and *E. S. Bailey*, for appellant.

*George B. Young* and *A. Howat*, for appellee.

BECK, CH. J.—I. The policy contained a clause providing that certain conditions printed upon the back of it constituted a part thereof. One of these conditions is in the following language: "If the interest of the property to be insured be a leasehold interest, or other interest not absolute, it must be so stated in the policy, otherwise the same shall be void." The policy also referred to the application of the assured as forming a part thereof. In this application she stated that no person, other than herself, was interested in the property.

The plaintiff's title is based upon a deed of which the following are the material points: "This deed of bargain and sale, made and executed the twenty-first day of November,

A. D. 1881, by and between Raphael Rinehammer and Julia A. Rinehammer, his wife, of the county of Clinton and state of Iowa, parties of the first part, and Hattie A. Davis, of the same place, as party of the second part, witnesseth, that the said parties of the first part, for and in consideration of the sum of eight thousand dollars in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, have granted and sold, and do by these presents grant, bargain, sell, convey and confirm unto the said party the real estate situated in the county of Clinton and state of Iowa, and known and described as follows, to-wit, [here follows description of property;] the intention being to convey to Hattie A. Davis a life-estate in said real estate, and at her death to then vest the title in her children,—that is to say, the children of her body,—and if there should none survive her, then the said real estate shall revert to the said R. Rinehammer, or to whomsoever he may convey, or direct the same to be conveyed, to have and to hold the afore-granted premises, with all the appurtenances thereto belonging unto the said second party. The said R. Rinehammer hereby covenanting for himself, his heirs, executors and administrators that the afore-granted premises are free from any incumbrance, except a mortgage to the Perpetual Building Association, of Clinton, Iowa, which said grantee assumes and agrees to pay; that he has full right, power and authority to sell the same, and he will warrant and defend the title unto the second party against the claim of all persons whomsoever lawfully claiming the same;· and the said Julia A. Rinehammer hereby releases and relinquishes all her share of, and right of dower in and to, the above granted and described premises."

II. It becomes a material question for our determination whether plaintiff held an " absolute interest " in the property insured. By the term "absolute interest" we understand a complete and perfect interest, not an estate for years or for

life. An estate in fee-simple is meant. Counsel for the respective parties seem to concur in this view.

But plaintiff's counsel insist that the deed to plaintiff does not convey such a title; the clause thereof declaring the intention of the grantor being not of the *habendum* part of the deed, nor of the description of the estate conveyed. But it is in fact found in what is called the "premises" of the deed, which contains a description of the property conveyed and the estate granted. The clause of the deed describing the estate granted in unmistakable language declares that the intention of the grantor was to convey a life-estate. That clause is, in fact, a description of the interest granted, and limits it to an estate for life. The deed is not a conveyance of an estate in fee-simple, with a limitation inconsistent with the grant, as is the case with the deed in *Case v. Dwire*, 60 Iowa, 442. It is a conveyance of a life-estate, and nothing more. We are unable to see how the description of the interest conveyed could be more plainly expressed than is done in this deed. We discover nothing in the cases cited by plaintiff's counsel in conflict with this conclusion. *Green Bay, etc., Co. v. Hewett*, 55 Wis., 96; S. C., 12 N. W. Rep., 382, is relied upon by plaintiff's counsel to support his conclusions. In that case there was a conflicting description of the property conveyed, not of the estate granted. The deed, being a quitclaim, purports to convey all the grantor's interest in certain land. Another subsequent clause further declares that the interest intended to be conveyed was the same the grantor had acquired under a sheriff's deed. He held an undivided half of the land under that deed, and the other half from a different source. We need not determine whether the decision of the case is in accord with principles of the law. It is distinguished from this case by its facts.

III. The plaintiff holding not the absolute interest,—the fee-simple title,—but a life estate, the condition of the policy, declaring that if her interest was not disclosed the policy shall be void, is broken, and by the terms of the policy no

recovery can be had. No waiver of this breach is claimed.

IV. Much is said in argument upon the question whether the declaration of plaintiff in her application as to her interest in the property operates as a warranty. We need not pursue this subject, as we find a breach of an express condition of the policy which defeats recovery. In our opinion, the district court erred in holding that plaintiff was entitled to recover upon the undisputed facts of the case relating to the estate of plaintiff and the condition of the policy.

. REVERSED.