# Miller, Appellant, *v.* Reading Hotel Company.

*Contracts—Conditions—Construction—Intention.*

1. In an action on an agreement wherein a hotel company agreed to pay plaintiff a certain sum of money "out of the first moneys which the company shall receive upon its stock subscriptions; and $500 monthly thereafter until the whole of said sum shall have been paid. The making of each and all of these payments is conditional upon the ultimate construction of a hotel by the company," a nonsuit was properly entered in the absence of proof that the condition had been performed. There was no merit in the contention that the last sentence of the agreement was irreconcilable with what immediately preceded and must therefore be disregarded.

2. In such case the exclusion of evidence tending to show repeated demands for payment by plaintiff and refusal thereof by defendant was not error where it was admitted that demand and refusal had been made.

Argued March 1st, 1915. Appeal No. 301, Jan. T., 1914, by plaintiff, from judgment of C. P. Berks Co., Oct. T., 1912, No. 47, refusing to take off nonsuit, in case of B. Frank Miller v. The Reading Hotel Company. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on a contract.

The facts appear in the following opinion of WAGNER, J., sur plaintiff's motion to take off nonsuit:

In this suit plaintiff claims from defendant the sum of $2,350 which he alleges is due from the defendant company upon an agreement dated October 8th, 1908. The provision of the agreement upon which the suit is based is:

"The company agrees to pay to the second party the aforesaid sum of twenty-three hundred fifty dollars ($2,350) in the following manner: Three hundred fifty dollars ($350) out of the first moneys which the company shall receive upon its stock subscriptions; and five

hundred dollars ($500) monthly thereafter until the whole of the said sum shall have been paid. The making of each and all of these payments is conditional upon the ultimate construction of a hotel by the company."

Plaintiff contends that this is a promise by the company to pay to him the sum of $2,350, dependent upon but one condition, that is, that this amount of money shall be paid out of moneys received from its stock subscriptions. It is admitted by defendant that more money was received upon these stock subscriptions than is sufficient to pay plaintiff's claim. On these facts plaintiff claims that he is entitled to a recovery in this suit. His position is that the clause in the agreement: 'The making of each and all of these payments is conditional upon the ultimate construction of a hotel by the company,' is a repugnant and irreconcilable clause with what immediately precedes, and therefore must be disregarded. In support of this principle he cites a number of cases of our own and other states, among them, Straus & Sons v. Wanamaker, 175 Pa. 213. Whilst we agree with this principle contended for by the plaintiff, yet we consider that it has no application to this case. We do not think that this clause is repugnant to that which precedes it. The agreement between these parties is clearly one that makes the $2,350 payable in the manner and at the times as provided for, only upon the condition that there is to be an ultimate construction of a hotel by the company or at least only at a time when the hotel company was in a position financially to go ahead with the erection of the hotel building.

There is no allegation in plaintiff's statement, nor was it attempted to be proved that the hotel contemplated by the defendant company was built, or that the company was at any time in a position to build. Under these circumstances, considering as we do that there is no ambiguity or repugnancy in this agreement, and that the construction of it is therefore for the court, the only course to pursue in this case at the time of the trial was

to grant the nonsuit upon the ground as stated by defendant, that the plaintiff did not prove, or attempt to prove the ultimate construction of the hotel by the company nor the perfecting of any plans involving its construction.   Under this view of the case the offers of testimony explanatory of the work that had been done by Orlando B. Blackburn, and the expenses incurred by him in his attempts to obtain stock subscriptions for this hotel, had no relevancy.   Council for plaintiff then further proposed to show the demands made for payments of this money upon John A. Keppelman, and that when this demand was made he said that they (meaning the hotel company) would pay it in about six days, and that at the end of six days when he again called, Mr. Keppelman said that he would pay it in about ten days, and that in point of fact it was never paid.   When asked the purpose, counsel stated for the purpose of showing demand and the answer made by the defendant.   When again asked, "Showing demand and what else?" counsel said, "Fixing another time, and the plaintiff going around and asking for payment in accordance therewith and that ultimately no payment at all was made."   The evident purpose of this offer as stated by counsel was therefore to show repeated demands upon Mr. Keppelman, and no payment made in accordance therewith. That demands had been made and refused had already been admitted, as is shown when it was "admitted that there was demand made for this amount and payment refused."

Therefore in the exclusion of this offer for the purposes stated, we excluded an unnecessary attempt to prove what had already been admitted and therefore could have done no harm.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off.  Plaintiff appealed.

Assignment of Errors—Opinion of the Court.   [248 Pa.

*Errors assigned* were rulings on evidence, and the refusal of the court to take off the nonsuit.

*Cyrus G. Derr,* for appellant.

*Isaac Heister,* with him *John A. Keppelman,* for appellee.

PER CURIAM, March 15, 1915:

The judgment is affirmed on the opinion of the learned court below discharging the rule to take off the nonsuit.