THE LARABEE FLOUR MILLS CORPORATION, Appellant, v. THE WEST PLAINS COMMISSION COMPANY Respondent.

In the Springfield Court of Appeals, May 12, 1924.

1. **CONTRACTS: Conflicting Clauses in Contract: Construction.** The rule that where provisions of a contract are conflicting, and cannot be reconciled, the provision appearing first in the contract will prevail, is usually applied when the subsequent clause appears on

the back of a contract, or apparently is carelessly introduced in the contract.

2. ———: ———: ———. The rejection of a repugnant clause in a contract is an expedient which the courts will very reluctantly have recourse to.

3. EVIDENCE: Evidence Explaining Meaning of Term "Prompt Shipment" in Contract for Sale of Flour Properly Received. Where contract for sale of flour provided for shipment within thirty days, but also contained the clause "want prompt shipment," and seller's agent testified that buyer wanted "prompt shipment" written in the contract, and he did it, his evidence opened gate to evidence of real intention of parties and surrounding facts and circumstances under which clauses were placed in contract.

4. ———: Party Inviting Incompetent Evidence Estopped to Object to Other Party Following it up. Where one party to a controversy invites incompetent evidence, he estops himself from objecting to the other party following it up with testimony tending to explain his side of the controversy.

Appeal from the Circuit Court of Ozark County.—*Hon. Fred Stewart*, Judge.

AFFIRMED.

*Glen A. Wisdom, William D. Roberts* and *J. L. Van Wormer* for appellant.

(1.) When two clauses of a contract are in conflict, the first rather than the last governs. Drucker v. Western Indemnity Co., 223 S. W. 989; Royle Mining Co. v. Fidelity and Casualty Co., 103 S. W. 1098, l. c. 1099, 126 Mo. App. 104. (2) The measure of damages where buyer refuses to receive or pay for goods ordered is the difference between the contract price and the market price at the time of the cancellation or breach of contract.

*Green, Green & Green* for respondent.

(1) Parties engaged in a particular trade and who use a mercantile term having a fixed meaning in the trade

are conclusively bound to use it in that sense and oral evidence is admissible to show such meaning. Long Bros. v. J. K. Armsby, 43 Mo. App. 253; Moran Bolt Mfg. Co. v. St. Louis Car Co., 210 Mo. 715; Iron and Foundry Co. v. Construction Co., 200 Mo. App. 34; Willet v. Swartz, 21 Mo. App. 372. (2) If the language of either is ambiguous or doubtful, extrinsic evidence may be considered to determine the meaning of the language used. National Bank of Commerce v. Flannigan Mills Co., 268 Mo. 547, 570. (3) The object of interpretation of contracts should be to reach the actual intention of the parties, and when the subject-matter to which a writing refers is not entirely definite and clear, a description of the circumstances surrounding the execution of the contract may be received in evidence in order that the court may be placed in as near the same situation as the contracting parties as possible. Ellis v. Harrison, 104 Mo. 270, l. c. 279; Laclede Construction Co. v. Moss Tie Co., 185 Mo. 25, l. c. 62; Interior Linseed Co. v. Becker Moore Paint Co., 273 Mo. 433, l. c. 448. (4) Court should receive evidence of declarations of parties at time of execution of contract, as most conclusive evidence of intention of the parties. Laclede Construction Co. v. Moss Tie Co., 185 Mo. 68. (5) The contract should be construed most strongly against the seller, any doubt being resolved in the buyer's favor. Interior Linseed Co. v. Becker Moore Paint Co., 273 Mo. 448. (6) In order to make parol evidence of the terms of a contract inadmissible, the written contract must be complete on its face, free from ambiguity and not contradictory of itself. Pittsburg Steel Co. v. Cottengin, 179 Mo. App. 392. (7) Appellants will not be heard to complain as to evidence introduced on the part of respondent which was a continuation of the conversation brought out by appellant's witness on direct examination in making its case, for if error was committed in admitting this testimony appellant invited same and cannot now complain.

FARRINGTON, J.—This action was begun by plaintiff filing its petition in the circuit court of Howell County, Missouri, on January 20, 1921, based on a contract entered into between plaintiff and defendant on the 20th day of July, 1920, whereby the defendant, the West Plains Commission Company, agreed to purchase, and the plaintiff, The Larabee Flour Mills Corporation, agreed to sell to said defendant a carload of flour and feed, of the kind, quality, brands and quantity, and at the price and terms mentioned and described in said contract and petition. It is alleged that by the terms of said contract said car of flour and feed was to be shipped as soon as possible within thirty days, but that defendant on the 31st day of July, 1920, wired plaintiff a cancellation of the entire order and contract, and in obedience to same plaintiff did not ship said flour and feed. Plaintiff then brought this suit alleging damages for the breach of said contract by defendant cancelling said order and refusing to accept said car of flour and feed, the measure of damages being the difference in the contract price of said flour and feed and the market price at the date of the cancellation of the contract, July 31, 1920, amounting to $231.50 plus the amount agreed upon in said contract for the cancellation of the order, amounting to $45.13, making the aggregate amount of damages as alleged by plaintiff $276.63, the amount sued for.

Defendant, on April 7, 1921, filed in the Howell County Circuit Court an amended answer and counterclaim in which it alleged that said contract contained a clause of "prompt shipment," and that the words "prompt shipment" have a well-defined meaning among shippers and buyers and mean within ten days; that plaintiff breached said contract by failing to ship said carload of flour and feed within ten days from the date of the contract; that it thereupon cancelled said order and alleged damages by reason thereof in the sum of $181.62.

Plaintiff, on the 9th day of April, 1921, filed a demurrer to defendant's answer and counterclaim and moved to strike out the same for the reason that, as pleaded and admitted, this action is based on a written contract which is set out in plaintiff's petition and such contract shows on its face that it is unambiguous; that such contract does not provide goods to be shipped within ten days, as claimed in said answer, but provides that such goods may be shipped at any time within thirty days, and the construction of such contract is a matter of law for the court, which demurrer was on the 17th day of May, 1923, overruled by the Circuit Court of Ozark County, to which court a change of venue was granted on the 20th day of April, 1921. Plaintiff contends reversible error was committed by the court in not sustaining plaintiff's demurrer, as the law is settled in this State that where there are two clauses in a contract that conflict, the first one prevails, as shown by the authorities cited in its brief.

After the overruling of said demurrer the cause was tried by the court, sitting as a jury, which found against the plaintiff on its petition and in favor of the defendant on its counterclaim in the sum of $180, from which, after an unsuccessful application for a new trial and in arrest of judgment, plaintiff duly appealed to this court.

The contract introduced in evidence is an ordinary contract for the sale and purchase of flour. The two clauses around which this law suit hinges are as follows: The one upon which plaintiff relies being near the beginning of the contract, and is as follows: "Time of shipment—soon as possible, within thirty days." The clause upon which the defendant relies is found near the close of the contract, and is a clause or phrase in the contract written in ink between two printed paragraphs, "Want Prompt Shipment." Both of the terms relied upon were in the handwriting of the agent for the plaintiff and written in ink.

The principal question to be determined here is whether the following evidence, under the written contract described, is admissible. If it is, there is sufficient ground to sustain the verdict of the trial court; if it was error to admit the evidence, the judgment must be reversed.

The plaintiff in making its case introduced a deposition of the agent, Goff, who wrote the contract, and evidently to explain the writing, "Want Prompt Shipment." He testified: "In making this booking Mr. Hudgens (who represented the defendant) asked for shipment as soon as I could get it and asked me to write "prompt shipment" on the order—he wanted prompt shipment, which I did. I had nothing further to do with the order after mailing it."

The evidence admitted on behalf of the defendant, over the objection of the plaintiff, was to the effect that when Mr. Goff, the agent for plaintiff, solicited the defendant to buy this car of flour and provision he was informed that the order would be placed only on condition that it could be delivered at once, and that he was informed that the reason for this was that defendant was out of flour and feed stuff and that he was told by the agent for plaintiff that the car could be started within one or two days from the time the order was placed, and that on that statement he told him to draw up the written contract, which Goff did, and when he presented it to defendant, Hudgens, to sign he (Hudgens) noticed the clause in the contract which read, "time of shipment—soon as possible, within thirty days," and refused to sign it as not carrying out the contract which had been talked of between them, and that Hudgens told him to change that provision. That Goff then said, "Well, the train I am leaving on is coming in, and as this is made in triplicate with carbon copies, I don't want to change this on the contract but will write in "prompt shipment." This state of facts was testified to by two or three witnesses who were present

when the transaction took place, and the defendant in no wise attempts to contradict it but relies solely on the proposition of law that such evidence is incompetent for any purpose as contradicting and varying the terms of a written contract.

The defendant then introduced evidence tending to show that "prompt shipment" was a trade term used by those engaged in the business that plaintiff and defendant were transacting, had a definite meaning, which was that delivery was to be made within ten days. It was then shown that at the expiration of the days, the car not having been received or in fact started on its journey, the defendant cancelled the order.

There is little contention made here but what it was proper to show by oral evidence that "prompt shipment" had a definite trade meaning and that it meant what the defendant contends for. But the plaintiff relies upon the proposition of law that where provisions of a contract are conflicting and cannot be reconciled standing in the contract, that the provision appearing first in the contract will prevail, citing the cases of Drucker v. Western Indemnity Co., 204 Mo. App. 516, 223 S. W. 989; Royle Mining Co. v. Fidelity & Casualty Co., 126 Mo. App. 104, 103 S. W. l. c. 1099. There are times when this rule prevails, but, as stated in 13 Corpus Juris, 336, it is usually done where the subsequent clause appears on the back of a contract or apparently is carelessly introduced in the contract, and that the rejection of a repugnant clause is an expedient which the courts will very reluctantly have recourse to.

We are of the opinion that the plaintiff is in no position in this case to object to the testimony offered by the defendant, for the reason that in plaintiff's testimony in chief Goff, the agent who represented it, testified, evidently for the purpose of explaining the strange expression "want prompt shipment" in the contract, says the defendant wanted "prompt shipment" written in the contract and that he did it. This evidence clearly

opened the gate to the court to investigate the real intention of the parties and to go into the surrounding facts and circumstances under which these two clauses were placed in the contract, and for the purpose of getting at the real intention of the parties, which was the duty of the court to do. [Interior Linseed Co. v. Becker-Moore Paint Co., 273 Mo. 433, 202 S. W. 566.]

It is a well-established rule of law in this State that where one party to a controversy invites incompetent evidence he estops himself from objecting to the other party following it up with testimony tending to explain his side of the controversy. [See Reynolds v. Maryland Casualty Co., 274 Mo. l. c. 103, 201 S. W. 1128.]

There is another ground upon which the plaintiff could probably have been defeated had the defendant raised the point, and that is that one clause of the contract destroys the other and hence makes no contract. This, however, was not relied upon by either plaintiff or defendant in the suit for damages under the petition by the plaintiff or by defendant under the counterclaim.

We, therefore, hold that the trial court did not commit error in admitting the testimony offered, and that when such testimony became admissible it furnished sufficient ground to find against the plaintiff on his petition and for defendant on his counterclaim. West Plains was the point of destination and the point of delivery under the terms of this contract. We passed upon this same question in the case of Consolidated Flour Mills Co. v. Miller, 238 S. W. 510. There was sufficient evidence under the terms of the contract and the evidence introduced by defendant to show damages to the amount allowed on the counterclaim. It results that the judgment of the trial court is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.