STATE OF IOWA ex rel. Board of Control, Appellants, v. L. C. SPRAGUE et al., Co-receivers, Appellees.

No. 43764.

SEPTEMBER 27, 1938.

John H. Mitchell, Attorney General, T. J. Mahoney, Asst. Attorney General, and Lehan T. Ryan, for appellants.

C. W. Wright, and D. C. Edwards, Richard Musenbrock, and Carr, Cox, Evans & Riley, for appellees.

MILLER, J.—On the 22nd day of August, 1911, a written contract was entered into between the Iowa Central Railway Company and the State of Iowa, the material parts of which are as follows, to wit:

"This Agreement, made this 22nd day of August, A. D. 1911, by and between Iowa Central Railway Company, party of the first part and the State of Iowa, by W. L. Kuser, Superin-

tendent of the Industrial School for Boys at Eldora, and approved by the Board of Control of State Institutions of Iowa, party of the second part, witnesseth: that

"Whereas, the party of the second part desires the construction, maintenance and operation by the party of the first part of a spur sidetrack about fifty-seven hundred (5,700) feet in length, extending in a westerly direction, from a connection with the main track of the Railway Company" * * * (here follows a description of the route of the spur sidetrack)

"Whereas, the party of the first part is willing to undertake the construction, maintenance and operation of said tracks upon the terms and conditions hereinafter set forth;

"Now, Therefore, in consideration of the premises and of the mutual advantages accruing to the parties hereto, it is hereby agreed by and between said parties

"First: The party of the second part shall procure the necessary right of way for the construction, maintenance and operation of said track and the party of the first part shall during the term of this agreement have and enjoy the exclusive right to maintain and operate said tracks upon such right of way without rental or other remuneration. The party of the second part shall also pay to the said party of the first part as hereinafter provided, the actual cost of labor, ties, switch timbers, grading, culverts, bridges and road crossings necessary for the construction, maintenance or operation of said tracks.

"Second: The party of the first part shall construct said tracks upon the right of way so furnished and shall maintain and operate the same so long as this agreement remains in force. All ties, switch timbers and metal material used by the said party of the first part in the construction, maintenance or operation of said tracks shall be and remain the property of said party of the first part and it shall have the right to remove the same at any time, after full settlement has been made between the parties hereto under the provisions of Section 'Fourth' of this agreement. * * *

"Third: (This paragraph deals solely with the construction of said spur track and in substance provides that the first party shall proceed with the grading and the construction of said spur track, and that the party of the second part shall pay to the party of the first part the entire cost of all labor and material, other than metal, used in the construction of said spur track.)

"Fourth: At the end of the first six months (6) after the execution of this agreement, the party of the first part shall pay to the party of the second part a sum of Two Dollars ($2.00) per car on all shipments made over said tracks, by or to said party of the second part, upon which the freight revenue to the said party of the first part is Fifteen ($15.00) Dollars or more per car, and like payments shall be made at the expiration of each of the next thirty-nine (39) succeeding periods of six (6) months thereafter; provided, however, that no such payments shall be made or required after the expiration of Twenty (20) years from the date of this agreement; and provided further, that the total amount paid by said party of the second part under the provisions of this paragraph shall not exceed the amount paid to it to cover the cost of labor, ties, and switch timbers as provided in the next preceding paragraph hereof. Should the party of the first part of its own volition discontinue the operation of said track, before the entire amount due the party of the second part under the provisions of this paragraph shall have been paid, or should the operation of said track be discontinued before that time, from any cause or reason chargeable to the party of the first part, any balance remaining unpaid to said party of the second part, under the provisions of this paragraph shall become immediately due and payable." * * *

The Minneapolis & St. Louis Railroad Company, a corporation, is the successor in interest of all the rights and duties of the Iowa Central Railway Company under said contract. On July 26, 1923, a receiver was appointed for all properties of said railroad company, and ever since said date the operation of the business of said railroad company has been conducted by said receiver or by the defendants herein as his successors in office.

In conformity with the terms of said contract, the State of Iowa procured the right of way, upon which the Iowa Central Railway Company constructed a spur side-track. The original cost of such construction was paid by the railway company, for which reimbursement was made by the State, in accordance with the provisions of the third paragraph of said contract. Through payments of $2 per car, as provided in the fourth paragraph of said contract, the railroad company has reimbursed the State of Iowa for the original cost of construction, except the sum of $86.28, which amount has been charged off and is not involved

herein. Commencing with the month of October, 1923, and extending up to and including the month of November, 1933, the defendants, or their predecessor in office, made charges against the State of Iowa for the maintenance of said spur track in the total amount of $5,316.52, which charges have been paid in full by the State to defendants, or their predecessor.

This action was instituted by plaintiffs to recover said amount of $5,316.52, together with interest; it being contended by the plaintiffs that under the terms and provisions of said contract that the maintenance and operation and cost thereof were to be furnished by the defendants; and that the plaintiffs, through mistake, inadvertence and misapprehension, made payments of said total amount to defendants and their predecessor in office. The defendants by way of answer admit that the contract in question was adopted by them and their predecessor in office as receivers of the properties of the M. & St. L. Railroad Company, admit payments by the plaintiffs of the total amount of $5,316.52; but deny that under the terms and provisions of said contract that the cost of the maintenance of the spur track was to be furnished or paid by the co-receivers or their predecessor; deny that plaintiffs made such payments through inadvertence or misapprehension; allege that under the provisions of said contract that plaintiffs were obligated to pay the actual cost of labor, ties, switch timbers, grading, culverts, bridges and road crossings necessary for the maintenance or operation of said spur track; and further allege that said sum of $5,316.52 was paid by plaintiffs, in pursuance of bills rendered for the maintenance of said spur track, without question or protest.

The contention of appellants that a proper construction of the contract in question must result in a finding that the same obligates appellees to pay the cost of maintenance and operation of the spur track; and that therefore, having paid for such maintenance through mistake, inadvertence and misapprehension, they are entitled to judgment as prayed, requires, at the outset, a construction of the contract itself. If the construction thereof reveals that by its terms it places the burden of paying for the cost of the maintenance of the spur track upon the State of Iowa, then as a matter of course we cannot be concerned with the claim that payment was made through mistake, inadvertence and misapprehension upon the part of the State.

Paragraph "First" of the contract provides that the State

of Iowa shall procure the necessary right of way for the construction, maintenance and operation of said track; followed by the specific provision:

"The party of the second part (State of Iowa) shall also pay to the said party of the first part (railroad company) as hereinafter provided, the actual cost of labor, ties, switch timbers, grading, culverts, bridges and road crossings necessary for the construction, maintenance or operation of said tracks."

It is to be observed therefrom that this quoted sentence places upon the State of Iowa the absolute duty and obligation to pay to the railroad company the actual cost of labor, ties, switch timbers, grading, culverts, bridges and road crossings necessary for not only the construction, but likewise for the maintenance or operation of said tracks. Appellants however contend that the quoted portion of paragraph "First" has been abandoned, and that the same is of no force or effect. This contention is based upon the use of the words "as hereinafter provided" in said quoted portion of paragraph "First". Examination of the contract in its entirety reveals that at no place following said paragraph "First" are there any provisions directing the manner or method of payment by the State to the railway company, except the provisions of paragraph "Third", which deal solely with the repayment of the cost of the original construction. Appellants therefore contend that a proper construction of said contract requires a determination that said quoted portion has been abandoned; and that then the first sentence of paragraph "Second", which provides as follows, to wit:

"The party of the first part (Railroad company) shall construct said tracks upon the right of way so furnished and shall maintain and operate the same so long as this agreement remains in force,"
is controlling. They contend that the portion thereof stating that the railway company "shall maintain and operate", results in placing the cost of the maintenance and operation upon the railway company.

While it may be argued that to some extent the provisions of paragraphs "First" and "Second" appear to be ambiguous on account of the failure of said contract to specifically provide the method of payment for maintenance, it is elementary

that the contract should be considered in its entirety in endeavoring to arrive at the intent of the parties in the execution thereof. The contract, viewed in its entirety, reveals that the same was entered into between the parties for the accommodation of the State of Iowa; that the State desired the construction, maintenance and operation by the railroad company of a spur track from the Industrial School for Boys to the main track of the railway company; that the State of Iowa obligated itself without question to the procurement of the necessary right of way for the construction, maintenance and operation of said track, and likewise obligated itself to pay the entire cost of the labor and material (except the metal) used in the construction of said spur track. The quoted portion of paragraph "First" imposes an absolute duty upon the State to pay the actual cost of the labor and material other than metal, not only for the original construction, but likewise for the maintenance. The trial court in his findings, in referring to the aforesaid two mentioned sections of the contract, uses language which, in our opinion, is a correct analysis of these two sections, which portion of his findings we hereby quote as follows, to wit:

"If the two mentioned sections of the contract can be read together and construed so as to be consistent with each other, and furthermore express the meaning and intention of the parties to the contract, then it should be done.

"There is no question but what the first section imposes on the party of the second part (State of Iowa) to pay the first party (Railroad Company) the actual cost of labor, ties, switch timbers, grading, culverts, bridges and road crossings, necessary for the construction, maintenance or operation of said tracks.

"By Section 2 of the contract, it is provided that the railroad company shall construct, maintain and operate the tracks so long as the agreement remains in force.

"Is it possible to read these two sections, which, on their face are ambiguous and give a meaning to each which will not conflict with the other and yet furnish a construction thereto consistent with the surrounding facts and circumstances as disclosed by the evidence and the stipulation of facts?

"This court believes that it can be done. The very fact that the State of Iowa was to pay for the items enumerated in Section 1 of the contract, leads to the conclusion that by Section 2,

it was not meant to throw the cost of maintenance and operation on the railroad company, but that the railroad company was to construct, maintain and operate the same at the expense of the State. It is recognized that the word 'maintain' as contended in plaintiff's argument, might include the expenses of keeping up or repairing the track, but where a provision in a contract specifically provides who shall pay for specific items for maintenance and thereafter fixes the obligation to maintain and operate the track, it can hardly be said, in attempting to reconcile the two provisions that the word 'maintain' in the later provision carries with it the expense thereof.

''To further support the construction indicated, it might be suggested that it is quite improbable that the personnel of the Institution at Eldora or any department of the State of Iowa is qualified to assume or perform the physical maintenance of the tracks in question, therefore, it could be assumed, in order to reconcile the two apparently ambiguous provisions of the contract that the requirement in Section 2, fixing the construction, maintenance and operation on the railroad company meant the physical acts necessary to make the object of the contract workable.''

Being satisfied that an examination of this contract in its entirety reveals that it was the intention of the parties thereto that the State of Iowa should pay, not only the cost of construction, but likewise the cost of maintenance of the spur track, and that the railway company should perform the physical acts necessary for the construction and maintenance thereof, it follows that the ruling of the trial court was correct and proper.

In view of the result reached herein that a proper construction of the contract in question requires the cost of maintenance to be paid by the State of Iowa, there can be no merit to the claim of the State that these payments were made through mistake, inadvertence or misapprehension.—Affirmed.

ANDERSON, MITCHELL, KINTZINGER, HAMILTON, DONEGAN, and RICHARDS, JJ., concur.