J. R. MEALEY et al., Appellees, v. LILLIAN KANEALY, Appellant.
No. 44566.

JUNE 20, 1939.

REHEARING DENIED SEPTEMBER 22, 1939.

Geo. A. Mahoney, H. M. Havner, and Margaret I. Cunningham, for appellant.

A. J. Myers, for appellees.

OLIVER, J.—This is an action at law by appellees against appellant for real estate commission based upon ‚a written contract. Appellant, Lillian Kanealy, had certain negotiations with Thomas Berryman and wife for exchange of real estate. Appellees, J. R. Mealey and Charles M. Domback, represented both parties to the proposed exchange and submitted a contract for execution by said parties. The contract contained provisions relative to titles, abstracts, possession and conveyances as usually found in exchange agreements, the last paragraph having reference to appellees' commission. As originally submitted the instrument was unsatisfactory to appellant, who refused to sign it until she had re-typed it and made certain changes. This was done in appellees' office. The change made in the last paragraph was by adding thereto the following sentence, ''The commission being due and payable upon the transfer of the properties.'' As thus modified the paragraph read as follows:

''It is hereby acknowledged by both parties hereto that upon the signing of this agreement by both parties hereto, there shall be due and payable jointly to J. R. Mealey and Charles M. Domback as commission the sum of $200.00 from each party hereto and the said Charles M. Domback's office, 304 Crocker Building, shall be the place that all papers necessary ·to complete this deal will be delivered. The commission being due and payable upon the transfer of the properties.''

Appellant then signed the contract and it was turned over to appellees who took it to the Berrymans and secured their signatures thereon. Appellees were not named as parties to the contract nor did they execute it.

The foregoing facts were established without substantial dispute by the evidence of appellees in their own behalf and by the appellant on her part. Appellant further testified concerning oral negotiations and conversations between appellees and appellant relative to the contract and commission prior to, at the time of, and subsequent to her execution of the contract. Certain evidence was also introduced by appellant tending to

show that the exchange was never consummated because of the inability of the Berrymans to perform. Although there was some dispute upon the foregoing proposition it is not contended that the properties were ever transferred. At the conclusion of the evidence the court struck out all the oral evidence introduced on behalf of appellant and directed a verdict in favor of appellees. This appeal is from such rulings and the resulting judgment.

Primarily the controversy involves the interpretation of the last paragraph of the contract above quoted. The trial court interpreted this paragraph to mean the commission was due at the time the contract was signed, thus disregarding the final sentence, "the commission being due and payable upon the transfer of the properties". This interpretation was based upon a secondary rule of construction mentioned in certain texts and decisions and referred to by appellees as holding, "Where there are two provisions in a contract, one repugnant and contradictory to the other, the former will stand and the latter will be rejected". For convenience this may be termed "the rule of priority of clauses" under which the first of two repugnant clauses is preferred to the second solely by reason of priority of position. See 13 C. J. 535, sec. 497; 12 Am. Jur. 778; Elliot on Contracts, Vol. 2, p. 790; Chitty on Contracts, 11th Am. Ed. 128; 2 Parsons on Contracts, 513. This must not be confused with the rule that a proviso or clause which is repugnant to the general purpose and intent of a contract will be disregarded no matter where located in the contract. Reference will hereinafter be made to certain authorities based upon this latter rule.

The rule of priority of clauses is ancient and probably originated in the construction of deeds. Stukeley v. Butler, H. 12 Jac. Rot. 827, published in the year 1657, in the reports of Sir Henry Hobart, Lord Chief Justice of the Court of Common Pleas, at page 168, discusses the case of a general grant followed by the word "viz." and certain exceptions, and holds, "and I am of the opinion that the Viz. as the whole sentence is, is utterly void." However, apparently, the viz. and resultant divided sentence governed the decision since the court also said, at page 171:

"And indeed in one sentence it is vaine to imagine one

part before another; for though words can neither be spoken nor written at once, yet the mind of the Author comprehends them at once, which gives vitam & modum to the sentence.''

Blackstone's Commentaries, published in 1768, contain the following, at page 379:

'' (3) That the construction be made upon the entire deed rather than upon disjointed parts of it * * *.''

At page 381:

'' (6) That, in a deed, if there be two clauses so totally repugnant to each other, that they cannot stand together, the first shall be received and the latter rejected; wherein it differs from a will; for there, of two such repugnant clauses the latter shall stand. Which is owing to the different nature of the two instruments; for the first deed and the last will are always most available in law. Yet in both cases we should rather attempt to reconcile them.''

Even a proviso limiting the effect of the entire contract may be valid if it is not wholly repugnant to the general purpose of the instrument. This is illustrated by Williams v. Hathaway (1877), L. R. 6 Ch. Div. 544, in the words of Jessell M. R.:

''I must decide this case against the plaintiff. The first question is one of law. It is said that if you find a personal covenant, followed by a proviso that the covenantor shall not be personally liable under the covenant, the proviso is repugnant and void. I agree that is the law; but that by no means applies to a case where the proviso limits the personal liability under the covenant without destroying it, thus leaving a portion of the original covenant remaining: in that case the proviso is perfectly valid. There is no authority against that view.''

Although Williams v. Hathaway is not a recent decision, the rule stated was adopted almost verbatim in Chitty on Contracts, 19th Ed., 1937, chapter V, p. 108.

Various American Encyclopedias and text books refer to the rule of priority of clauses although they agree that it is to be employed only as a last resort. Peculiarly noticeable is the circumstance that the authorities cited in these works, to a considerable extent, do not support the text. Many of the cited

cases, particularly the more recent, merely mention the rule and do not adopt it, while others turn upon the rule of a provision repugnant to the general purpose of the contract. This may be demonstrated by examining a few of the cases most frequently cited as supporting the rule of priority of clauses.

Vickers v. Electrozone Commercial Co. (1902), 67 N. J. L. 665, 52 A. 467, probably is not based upon this rule, but rather upon the rule against the destruction of the general purpose of the contract by a proviso.

Straus v. Wanamaker (1896), 175 Pa. 213, 34 A. 648, is in part based on the rule of priority of clauses, although the decision does give other reasons for arriving at "the true meaning". However, this same court, in 1915, passed upon a set of facts in an action at law very similar to the case at bar, Miller v. Reading Hotel Co., 248 Pa. 541, 94 A. 225. This was a suit upon a contract which provided:

"The company agrees to pay to the second party the aforesaid sum of twenty-three hundred fifty dollars ($2,350) in the following manner: [setting out dates and amounts]. The making of each and all of these payments is conditional upon the ultimate construction of a hotel by the company."

The opinion cited the Straus case and held that the rule of priority of clauses, as therein enunciated, had no application to the facts in the Miller case, and that there was no ambiguity or repugnancy. Plaintiff was non-suited because there was no proof that the hotel had been constructed.

Green Bay, etc. Co. v. Hewitt (1882), 55 Wis. 96, 12 N. W. 382, 42 Am. Rep. 701. By a subsequent clause in a deed it was sought to diminish the interest and title conveyed, as expressed in the granting clause. The court held the subsequent clause ineffective under the rule of priority of clauses and the rule of construction against the grantor. Although this case has been widely cited, it appears to have escaped the attention of commentators and courts that the decision was subsequently vacated, a new trial granted and the case decided the other way. Green Bay, etc. Co. v. Hewitt, 62 Wis. 316, 21 N. W. 216, 22 N. W. 588. True, in the second trial, an equitable counterclaim was set up, but the fact remains that the suit was re-tried, re-appealed and an opposite conclusion reached.

Contrary to the original Hewitt decision is Witt v. St.

Paul & N. P. Ry. Co., 38 Minn. 122, 35 N. W. 862, 865. In an able opinion, on substantially the same state of facts, the Minnesota court, in a damage suit and apparently without resort to equity, held that the deed should be construed as a whole and said:

"But it is said these words are repugnant to what goes before and are, therefore, void. Such a construction is not admissible unless they are necessarily so inconsistent that both cannot stand together. Whatever may have formerly been the rules of construction in this respect, in modern times they have given away to the more sensible rule which is, in all cases, to give effect to the intention of the parties, if practicable, when no principle of law is thereby violated."

The original Hewitt case is mentioned in Davis v. Iowa State Ins. Co., 67 Iowa 494, 496, 25 N. W. 745, 746, the court saying:

"We need not determine whether the decision of the case is in accord with principles of the law."

Mullreed v. Thumb & Clark, 116 Mich. 440, 74 N. W. 710, 712, refers to the decision as follows:

"It is true that courts have in some cases subordinated this rule of construction to that which gives preference to the first expression of the grantor, and have done so in some cases at the expense of sacrificing the intent of the parties as plainly expressed. With due deference, we think this was the effect of the decision in [Green Bay] Canal Co. v. Hewitt, 55 Wis. 96, 12 N. W. 382 [42 Am. Rep. 701]. This court has, however, not so applied this latter rule as to subvert the intent of the parties, when plainly expressed."

Another case frequently cited for the rule of priority of clauses is Wisconsin Marine & Fire Ins. Co. Bank v. Wilkin (1896), 95 Wis. 111, 69 N. W. 354, 60 Am. St. Rep. 86. We think that case is not based primarily upon the rule of priority of clauses but rather upon the rule of a proviso repugnant to the general purpose of the contract. Moreover, it is interesting to observe that the contract involved in this case was again interpreted in the subsequent appeal, Wisconsin Marine & Fire Ins. Co. Bank v. Mann, 100 Wis. 596, 76 N. W. 777. In this

second trial equitable issues were injected and the result attained was contrary to the original decision. It may be here noted that the second trial disclosed a situation similar to the one in the case at bar in that changes were made in the contract as originally prepared.

Williston on Contracts, Rev. Ed., 1936, Vol. 3, par. 624, p. 1795, discusses the rule as follows:

"It is obvious, however, that such a rule is extremely artificial, and can only be accepted as a last resort. In most recent cases where it has been applied the later clause was inconsistent with the general purpose of the contract, and for this reason alone might have been disregarded. If, however, the first clause is general in terms, and, the latter is particular, or if the latter clause is repugnant only to part of the earlier, it seems that the latter clause would be given full effect, and the earlier subjected to such qualifications as the latter might make necessary."

Similarly discussing the rule is Page on the Law of Contracts, 1920, par. 2037, p. 3521.

In the American Bar Association Journal, March 1939, an article by Professor Richard R. Powell of Columbia University, Reporter on Property, American Law Institute, recites in part:

"The supposed repugnancy between the earlier and later clauses of the instrument does not exist until the court decides to pause for rest and to draw a conclusion before the whole instrument has been read as an entirety. In other words the repugnancy is a product of the court's disregard of its own generally accepted rule of construction, namely, to read the instrument as a coherent whole."

Restatement on the Law of Contracts, by the American Law Institute, apparently does not recognize the existence of the so-called rule of priority of clauses. Section 236 which covers secondary rules aiding application of standards of interpretation contains no reference to such method of interpretation.

A considerable number of recent and well considered cases from various jurisdictions have either sharply criticized the rule, specifically refused to follow it or have ignored it.

Holland v. National Automotive Fibres, Del. Ch. 1937, 194 A. 124, 127, Id., Del. Ch. 1938, 2 A 2d 124, states that a rule that permits the relative location of conflicting clauses in an

instrument to play a controlling part in its interpretation is a rule born "of mental desperation, when it is remembered that the instrument is to be considered in its entirety. * * * It has no more assurance of arriving at truth than would the flip of a coin. * * *

"Before recourse is had to such an arbitrary rule, courts should strive to make some sort of reconciliation between the apparently repugnant provisions. Though the reconciliation may not be entirely satisfying, yet if it accords with what is reasonable and fair and is consonant with the probabilities of human behavior, it is far better to accept it than to leave important rights to the arbitrament of the accidental position in the instrument of rival clauses. The former has some show of reason to support it; the latter contains much of the haphazard of chance."

Samuels v. Meyerovitz, 270 Ill. App. 210. The court refused to apply the rule, observing that it was resorted to with regret and usually in despair of finding a reasonable interpretation.

F. W. Woolworth Co. v. Peterson, 10 Cir., 78 F. 2d 47, 49:

"A provision in an employment contract that it shall continue for a stated term, is not in irreconcilable conflict with a provision that it may be terminated before the expiration of the term by giving a specified notice. The latter merely limits the former."

This reversed the decision of the trial court which had applied the rule of priority of clauses.

Other cases in point are Carpenter v. Continental Casualty Co., 8 Cir., 95 F. 2d 634; American Refining Co. v. Bartman, 8 Cir., 261 F. 661; Backer v. Parker-Morelli-Barclay Motor Co., 87 Mont. 595, 289 P. 571; Larabee Flour Mills v. West Plains Commission Co., 216 Mo. App. 257, 262 S. W. 389; Kentucky Real Estate Board v. Smith, 272 Ky. 313, 114 S. W. 2d 107; Baker v. Baker, 191 Ky. 325, 230 S. W. 293; Youngers v. Schafer, 196 Minn. 147, 264 N. W. 794.

An examination of the numerous authorities bearing upon this proposition convincingly discloses the extreme hesitancy of courts in adopting this rule. In the great majority of cases in which the rule is mentioned the courts promptly secure some

other basis for decision. Especially is this noticeable in the later decisions. The foregoing observations are in criticism of the rule and not of the attitude of the courts. Such attitude follows the dictates of reason.

The rule in Iowa is and has been to construe a written instrument as an entirety and not seriatim by clauses. State v. Sprague, 225 Iowa 766, 281 N. W. 349.

Appellees cite Theunen v. Benefit Association, 101 Iowa 558, 70 N. W. 712, 37 L. R. A. 587, as an authority for the rule of priority of clauses. It is questionable whether this case refers to such rule rather than the rule of a proviso repugnant to the general purpose of the instrument. However, the decision is in agreement with the modern trend on the question of repugnancy. In that case there was a promise to pay $3,000 at the end of an endowment period, and a later provision stating as a condition of the promise that there should be 1,200 members at such time. The decision states, 101 Iowa loc. cit. 565, 70 N. W. loc. cit. 713, 37 L. R. A. 587:

"The question resolves itself, then, to this: Is a condition which limits the amount to be paid by an insurance company void because it is repugnant to the original promise? * * * The rule as to rejecting repugnant provisions has application only where the contract contains two provisions which are inconsistent and contradictory. The *stipulation* and *conditions* of the contract in this case are *not inconsistent* or *contradictory, except as any condition or limitation in any contract is repugnant*. And we are not prepared to go to the extent of holding that all conditions or limitations upon an absolute promise to pay are void. With but few exceptions, the aim of the court in construing a contract of insurance is to treat it like any other obligation, and to arrive at the intent of the parties." (Italics supplied.)

Beedy v. Finney, 118 Iowa 276, 278, 91 N. W. 1069, 1070:

"If, from the entire instrument and attending circumstances, it appears that the grantor intended to *enlarge, restrict, or even repugn* the conveyancing clause, the habendum will control. It is then to be regarded as an addendum or proviso to the granting clause, which will control it even to the extent of destroying its effect. In short, the *modern rule requires* the

*consideration* of the deed *as a whole,* and not in separate and distinct parts, as was formerly done." (Italics supplied.)

Shultz v. Peters, 223 Iowa 626, 273 N. W. 134.

Glenn v. Gross, 185 Iowa 546, 170 N. W. 783, quotes with approval the Beedy case and statement and says, 185 Iowa loc. cit. 550, 170 N. W. loc. cit. 784:

*"Nor is the * * * position of clauses in a deed or other instrument * * * material or controlling."* (Italics supplied.)

It may be here noted that some jurisdictions have applied the rule of priority of clauses to conveyances but have refused to apply it in the interpretation of contracts and statutes.

Union Pub. House v. Tumbleson, Iowa, 134 N. W. 552. Action at law for breach of written contract to sell certain books. Defendant claimed his liability was limited by a subsequent clause.

"An instruction is complained of in which the jurors were allowed to consider a written stipulation between the parties by which, after four days expired, Tumbleson might abandon the contract without liability for failure to render further services. The *claim is that as matter of law* the *first stipulation* on the subject found in the contract was *conclusive,* and any *further stipulation* in modification thereof should be *disregarded. This is not the law. All* the *terms* of the *contract* are to be *construed together if possible,* and a *subsequent provision modifying, limiting, or otherwise in part contradictory* to a prior stipulation may be *given effect."* (Italics supplied.)

In the following cases agreements and endorsements upon promissory notes were held to become a part thereof and modify the terms or conditions of payment. Heaton v. Ainley, 108 Iowa 112, 78 N. W. 798; Elmore v. Higgins, 20 Iowa 250; State v. Stratton, 27 Iowa 420, 1 Am. Rep. 282; Oskaloosa College v. Hickok, 46 Iowa 237.

Wells v. Flynn, 191 Iowa 1322, 184 N. W. 389, 17 A. L. R. 710. A contract contained an agreement to purchase property for a fixed sum of money and a subsequent clause providing that the grantor should not be personally liable for the full amount. Held subsequent clause relieved purchaser from personal liability.

Yerkes v. Edmonds, 202 Iowa 205, 206, 208 N. W. 624, 625, has many points of similarity to the case at bar. It was a suit to recover $3,700 on a contract which provided that in consideration of a mortgagor's reconveying the property to the mortgagees the latter would pay the former said sum ''whenever the premises herein described shall have been sold'', also that ''the same will not be paid under any circumstances, until the farm shall have been sold''. As thus drawn the contract was unsatisfactory to the mortgagor and before signing he demanded the following change which was added at the end of the contract, ''It is understood that this contract is to continue for two years and the sale provided for and full settlement hereunder shall be made in that time''. The court interpreted the contract, as modified by the last clause, to mean payment was required ''at the end of two years although the land should not be then sold''.

Although adjudicated cases are not of great value in the interpretation of contracts because no two contracts are identical in their terms, they are useful as showing how similar contracts have been interpreted and thus illustrating the rules applicable to such interpretation. In the cited case, it might have been argued with considerable plausibility that the clause added at the end of the contract was absolutely repugnant to the earlier provision, since it obligated payment at the end of two years ''although the land should not then be sold'', and thus was inconsistent with the prior clauses which provided that payment should not be made until the land was sold. So in the case at bar the effect of the added clause in the contract was to change the provisions relative to payment, although here the subsequent clause provided that payment was subject to a further condition. In that respect the instant case is like the Pennsylvania case of Miller v. Reading Hotel Co., supra, which specifically held that the rule of priority of clauses was not applicable under such circumstances.

With equal plausibility it might be contended that the subsequent provisions in the promissory note cases above cited were wholly repugnant to earlier portions of the instruments. This argument was made as to the contract in controversy in Union Pub. House v. Tumbleson, supra, and was met by the answer, ''this is not the law''. A contract should be interpreted as an entirety and in accordance with the intention of the parties

when that can be done without violating legal principles. Witt v. St. Paul & N. P. Ry. Co., supra.

From the foregoing it appears that this jurisdiction has adopted the rule that a contract should be read and interpreted as an entirety rather than seriatim by clauses and that the position of clauses in such instrument is not material or controlling. We think this holding is in accord with the majority of the better considered and more modern authorities elsewhere.

■ The final paragraph of the contract related generally to the payment of the commission. The conditions upon which this would become due constituted only one of the elements involved therein. If the last sentence had provided that the commission should not be paid in any event, then it might be said to be utterly repugnant because it would destroy the effect of the paragraph. But to hold that a condition requiring the deal to be first completed was utterly repugnant to the general purpose would be to say in effect that any clause which modified, changed or added a condition to an element in a contract was invalid. Thuenen v. Benefit Association, supra. There is "a portion of the original covenant remaining: in that case the proviso is perfectly valid. There is no authority against that view." Williams v. Hathaway, supra.

We conclude the provision that the commission would be due upon the transfer of the properties may not be disregarded as being repugnant to the purpose of the contract, and may be interpreted as modifying and limiting an element of the earlier provision. Union Pub. House v. Tumbleson, supra; Thuenen v. Benefit Association, supra. As thus interpreted and giving effect to all clauses it appears that payment of the commission must necessarily have been conditioned upon said transfer. The record discloses no circumstances militating against such interpretation.

■ The briefs discuss the question of ambiguity. While each of the so-called conflicting clauses appears clear, all parts of the contract should be considered in determining whether or not it is ambiguous. We do not think the two clauses in question render the meaning of the instrument so doubtful or ambiguous that its interpretation requires outside assistance.

■ As above noted, the last clause may not be disregarded. By the same token the limitation therein expressed may not be nullified under the guise of interpretation. The two clauses

may be interpreted together as containing joint provisions or limitations constituting the conditions under which the commission would be due.

Therefore, we hold:

(1) That the contract should be interpreted as an entirety, giving effect to all clauses, irrespective of position.

(2) That the last clause is not void as repugnant to the general purpose and intent of the instrument, its effect being not to destroy the provision for payment but only to modify an element thereof.

(3) That the contract should be interpreted as meaning that the commission would be due and payable upon its execution together with the transfer of the properties.

█ Although the foregoing pronouncements render further discussion unnecessary it may be noted that even though the two clauses had been regarded as being in such conflict as to make the contract ambiguous, the solution would not thereby have been rendered more difficult. Proof of the circumstances accompanying the execution of an ambiguous instrument is always admissible, not to vary its terms, but to assist in its interpretation. The fact that appellant refused to execute the contract until the last sentence had been added persuasively indicated the intention that it should be effective and controlling. Proof of this circumstance was made by both sides without objection and was undisputed. Evidence of this character would have been admissible in construing an ambiguous contract in a law action even though objection had been made thereto. First Nat. Bank of Hawarden v. Branagan, 198 Iowa 453, 198 N. W. 659, 36 A. L. R. 548; Dunn v. Dunn Trust, 219 Iowa 349, 258 N. W. 695. See, also, Restatement of the Law of Contracts, sections 230, 231 and 235; Iowa Annotations to Restatement, pages 358, 360, 361, 372 to 374. Whether such evidence would be competent in the case of an unambiguous contract we need not consider.

Wherefore, the judgment is reversed.—Reversed.

MITCHELL, C. J., and RICHARDS, STIGER, BLISS, and HALE, JJ., concur.

HAMILTON, MILLER, and SAGER, JJ., dissent.

HAMILTON, J. (dissenting)—Being unable to agree with the

majority opinion, I respectfully dissent. The opinion constitutes an able treatise on the principles of law involved and as such is not open to criticism. Indeed, I freely compliment the author for the laborious effort put forth in reviewing the many authorities.

My trouble arises when I come to the logic of the application of the principles of law discussed to the contract clause involved in the instant case. Here we have an absolute agreement evidenced by a written instrument upon which this *law* action is based whereby it is "acknowledged by both parties hereto that *upon the signing* of this agreement by both parties hereto *there shall be due and payable*" commission of $200 from each party. As thus stated, when this contract was signed, the commission was due and payable. There is no room for quibble; no occasion for interpretation or construction because no ambiguity is present. He who runs may read and reading understand exactly what was meant or intended. Later in the same paragraph, we find another reference to the commission which says it is "*due and payable upon the transfer of the properties.*" As to the event which fixed the time of payment of the commission, the two clauses are absolutely repugnant to each other. In the first, the parties recognize the labors of the brokers to be at an end when they succeed in bringing the parties together in a completed sale evidenced by a written contract signed by the vendor and vendee; whereas, in the latter, an entirely different situation is recognized, namely, that no commission was earned or payable until and unless the properties were actually transferred,—in other words, upon the execution and delivery of the deed of conveyance.

If this writing does not contain two absolutely inconsistent and repugnant statements pertaining to an identical subject matter, then there is no way of expressing contradictory statements. One cannot stand without destroying the other. In this respect, the instant case is distinguishable from every case cited in the majority opinion in support of the same. Unless we apply the rule of construction which has been the rule since the days of Blackstone that "if there be two clauses so totally repugnant that they cannot stand together, the first will be received and the last rejected", we are left entirely to conjecture as to which event is to govern. Under all the authorities, there is no room for construction where the language is plain and

unambiguous and there is no room for the introduction of oral testimony to explain or vary such plain, unambiguous language. This above quoted rule, first announced in Blackstone's Commentaries, had its origin in necessity and it is brought into play because there is no other way of settling the matter without transgressing other salutary legal principles relating to proof and procedure. The majority opinion is a shining example of this transgression.

We have, by this opinion, found a way in a law action to reform a written instrument and make the same express the real intent of the parties as shown by the oral testimony of the surrounding circumstances. In other words, the evidence of surrounding circumstances discloses a case of mistake due to inadvertence in preparing the second draft of the contract,—a perfect case for reformation in equity—, and we have, in effect reformed this contract by adding the words "together with" in the third holding of the majority opinion and thereby have made a new contract for the parties. There isn't a word of testimony in the record that the parties ever intended the contract to be as the court has constructed it by judicial interpretation, namely, that the commission was "due and payable upon the execution of the contract *together with* the transfer of the properties." The first draft of the contract contained the clause stating the commission was due and payable when the contract was signed. When the contract was rewritten in its entirety, the second clause was added which says the commission is payable when the properties are transferred. Under the latter clause, no commission could be collected until the properties were transferred and under the latter clause the commission would be payable when the properties were transferred regardless of whether there ever had been a contract of sale signed or executed between the vendor and vendee. In other words, one of these clauses wipes out the other. It never was intended that these should both be left in the contract and both be given effect and they cannot be given effect without the connecting words, added by the court, "together with".

We agree that the facts present a case which would warrant a court of *equity* in reforming the contract but this may not be done in a law action and we are not permitted to accomplish the same result by interpretation and construction

where there is no ambiguous language employed.    (Italics supplied.)

MILLER and SAGER, JJ., join in dissent.