Teig and Johnson, a partnership, appellant, v. Don Speelmon
et al., appellees.

No. 52608.

(Reported in 153 N.W.2d 818)

OCTOBER 17, 1967.

Donald P. Baird, of Council Bluffs, for appellant.

Miller, Miller & Miller, of Cherokee, for appellees.

STUART, J. ██ ██—Teig and Johnson, a partnership, has appealed from the dismissal of its amended petition to foreclose a mechanic's lien. Such motion to dismiss admits the truth of all well pleaded, issuable and relevant facts, but not conclusions of fact or law. Doubtful pleadings when so challenged will be resolved against the pleader. Meester v. Roose, 259 Iowa 357, 144 N.W.2d 274, 275; Hahn v. Ford Motor Co., 256 Iowa 27, 30, 126 N.W.2d 350. We will therefore examine the allegations of plaintiffs' petition and amendment.

The action is founded upon a written contract between plaintiff and defendant Don Speelmon, under the terms of which plaintiff was to provide architectural services in connection with construction of a motel on said defendant's lot. The contract was prepared on a printed form issued by the American Institute of Architects. The copy attached to the petition shows two alterations in the printed form which concern us here.

A typewritten provision substituted for printed paragraph 5 stated in part: "In the event the project is abandoned or terminated, the architect shall not be entitled to any of the above fees but shall be paid with the rate of seven ($7.00) per hour for work actually done on the project up until that time of the termination of the work and not to exceed fifty (50) percent of the basic rate of the architects total fee provided herein."

The second alteration in the printed form was the handwritten word "not" inserted in paragraph 4 making it read in part as follows: "If any work designed or specified by the architect is abandoned or suspended, in whole or in part, the architect is *not* to be paid for the service rendered on account of it."

The architectural services were completed on April 19,

1964. Defendant accepted the low bid of $126,394 on May 18, 1964. On September 16, 1964, defendant paid plaintiff $200 on account. Plaintiff filed a mechanic's lien on the land owned by Speelmon on March 3, 1965, for $3590.92 plus interest which represents 50 percent of the basic rate less $200 paid on account.

In this action to foreclose the mechanic's lien, plaintiff further alleged defendant "in violation of the rights of the plaintiff in said agreement refused to permit plaintiff further performance and completion under the contract and has breached the same and declined to permit plaintiff to proceed further falsely representing to plaintiff that the said improvement had been abandoned." The action is for the amount to which plaintiff would have been entitled under substituted paragraph 5 if the project were "abandoned or terminated."

On March 29, 1965, defendant Speelmon transferred the land. As the interest of all other named defendants is derived through him, he will be referred to as defendant.

The trial court, in ruling on defendant's motion to dismiss, found "plaintiff's petition claims money due on the basis of an 'abandonment' and it must therefore be assumed that the defendants abandoned the project." He also found it was not apparent who prepared the typewritten or handwritten alterations. Applying rules of construction, he concluded the handwritten word "not" in paragraph 4 prevailed over the typewritten provisions of substituted paragraph 5 and "where two clauses of a contract are so totally repugnant to each other that they cannot stand together, the first should be received and the latter rejected." Therefore, "defendants incurred no obligation to the plaintiff in abandoning said project and plaintiff's petition does not state a cause of action against the defendants."

Plaintiff filed a timely amendment to its petition in which it alleged defendant or his representative altered paragraph 4 by inserting by hand the word "not" and prepared and substituted typewritten paragraph 5. It further alleged defendant told Teig of the typewritten alteration but did not mention the interlineation of the word "not" and that the purpose of the change was to limit defendant's liability in case no motel was

ever built. It also alleged defendant recognized his obligation to pay plaintiff for his services by making a payment of $200.

The amendment also eliminated any reference to "abandonment" or false representation of abandonment. It alleged defendant had refused to let plaintiff proceed under the terms of the contract but employed others to finish the project. "Plaintiff became entitled under the terms of said agreement and understandings and interpretation of same placed upon them by the parties themselves" to 50 percent of the basic rate.

A second motion to dismiss was filed and a different judge of the trial court found the action was still based on the contract and the contents thereof were not changed. He held the ruling on the first motion to dismiss (that the word "not" prevailed over the typewritten paragraph 5) was res judicata and not subject to overthrow except by appeal and dismissed the petition. Plaintiff appealed from the ruling on the second motion to dismiss and from each and every other adverse order, decision and ruling in the case.

On this appeal, it relies only upon its petition as amended to state a cause of action. Defendant claims this means we must assume the ruling on the motion to dismiss the original petition to be the law of the case. We do not so interpret the procedures. Plaintiff had a right under these rules to amend its petition in an attempt to state a cause of action. The election to do so did not bar it from reserving a right to appeal from errors in ruling on the original petition. In view of the right to amend, the ruling on the original petition was interlocutory only and can now be considered on plaintiff's appeal from the court's dismissal of its amended petition.

As plaintiff does not claim on appeal the original petition pleaded a cause of action, we need not decide this question. However, the ruling that the handwritten "not" prevailed over the typewritten paragraph controlled the ruling on the amendment as well as the original petition and the election to amend does not prevent us from considering it on this appeal.

Assuming, for the purpose of this opinion, the trial court was correct in applying rules of construction to "irreconcilable"

provisions of the contract as the action was originally pleaded, we must determine whether the ultimate facts stated in the amendment change the cause of action sufficiently to require a different result.

I. In the original action the contract containing the irreconcilable provisions appeared without explanation. Recovery was sought under typewritten paragraph 5. In the amendment plaintiff alleged the changes which created the conflict were made simultaneously by defendant. Parol evidence of the intention of the parties was also set out. All reference to abandonment was eliminated and it now seeks to prove plaintiff was discharged and the project completed by others. This is certainly not the same lawsuit as the one originally pleaded. It is not for us to determine whether it can be proved.

The rules of construction applied by the trial court were not proper under the circumstances. We no longer recognize the position of totally repugnant clauses in a contract as a proper rule of construction. In Mealey v. Kanealy, 226 Iowa 1266, 1277, 286 N.W. 500, 131 A.L.R. 945, after a full discussion, we said: "* * * this jurisdiction has adopted the rule that a contract should be read and interpreted as an entirety rather than seriatim by clauses and that the position of clauses in such instrument is not material or controlling." See also Freese v. Town of Alburnett, 255 Iowa 1264, 1267, 125 N.W.2d 790.

The amended petition reveals the error of applying the rule of construction that writing prevails over printing or typewriting here. "The reason for this rule would appear to be that a handwritten provision is a more deliberate and immediate expression of the intention of the parties than is a typewritten provision." 17 Am. Jur.2d 680, Contracts, section 271. The reason applies to a situation where an attempt is made to alter a printed or typewritten instrument and another printed provision which conflicts with the change is overlooked. Here the conflict is not between the printed form and typewritten or handwritten change, but was created by two changes made at the same time by one of the parties. There is no reason to believe defendant's insertion of the handwritten

word "not" was a "more deliberate and immediate expression of the intention of the parties" than the typewritten substituted paragraph. This rule should be applied only under circumstances which support the reason for the rule.

II. Defendant's alleged alteration of the printed terms created the conflict between the provisions of the contract and made the meaning of the whole contract ambiguous. We must attempt to arrive at the intention of the parties and interpret the contract in accordance therewith. Freese v. Town of Alburnett, 255 Iowa 1264, 1267, 125 N.W.2d 790. "Proof of the circumstances accompanying the execution of an ambiguous instrument is always admissible, not to vary its terms, but to assist in its interpretation." Mealey v. Kanealy, supra, loc. cit. 1278 of 226 Iowa. The matters alleged in the petition surrounding the making and execution of the contract are properly subject to proof.

It was also proper to allege the practical construction placed on the contract by the parties. Fullerton v. United States Casualty Co., 184 Iowa 219, 227, 167 N.W. 700, 6 A.L.R. 367.

It therefore appears the amended petition pleaded a cause of action upon which plaintiff was entitled to offer proof and the trial court erred in sustaining the motion to dismiss the amended petition.—Reversed and remanded.

All JUSTICES concur.