**AMERICAN FIDELITY AND CASUALTY COMPANY, Appellant,**

v.

**Huston L. SIMMONS, Appellee.**

**No. 7589.**

United States Court of Appeals Fourth Circuit.

Argued March 4, 1958.

Decided April 8, 1958.

Roy L. Deal, Winston-Salem, N. C. (Fred S. Hutchins and John M. Minor, Winston-Salem, N. C., on the brief), for appellant.

Wilson Barber, Mt. Airy, N. C. (Fred Folger, John C. W. Gardner, and Barber & Gardner, Mt. Airy, N. C., on the brief), for appellee.

Before PARKER, Chief Judge, HAYNSWORTH, Circuit Judge, and WILLIAMS, District Judge.

PARKER, Chief Judge.

This is an appeal from a judgment for defendant in an action instituted by an insurance company to recover, by way of subrogation to the rights of its insured, the amount it had been required to pay under its policy to a person injured in an automobile accident. Plaintiff is the American Fidelity and Casualty Company which had insured the Webb Transfer Lines, Inc., hereafter referred to as Webb, a truck line engaged in interstate commerce, against liability for personal injuries, property damage and damage to cargo resulting from the operation of trucks in its business. One Jeffries had been injured by a truck so operated, which had been leased by Webb from the defendant Huston Simmons and was being driven by a driver employed by Simmons with the approval of Webb. Jeffries recovered a judgment against Webb on account of his injuries, which was paid by the company; and the company brings this action to recover from Simmons the amount paid, on the theory that Simmons was primarily liable for the damages inflicted in the operation of the truck, that Webb was entitled to be indemnified for the amount of the judgment and that the casualty company, having paid the judgment, was subrogated to the rights of Webb.

The agreement under which the truck was leased to Webb by Simmons contained the following provision:

"6. Lessee agrees to procure liability and property damage and cargo insurance as required by law for the operation of the foregoing equipment for the duration of this lease, but it will not procure any fire, theft or collision insurance on said equipment the latter being left entirely to the Lessor."

The casualty company issued a public liability policy to Webb, which bore an indorsement stating that in consideration of a premium based on gross receipts, the protection of the policy was extended "to cover all equipment owned and hired by the insured only while being used for the purposes set forth in this policy, and only when such owned and hired equipment is being operated exclusively in the interest of the Named Assured (Webb)". The policy contained an "omnibus coverage" clause, covering

any person or organization using an insured vehicle with the permission of the named insured. The "hired car" indorsement, however, provided that the policy should not cover "the owner, lessor or driver of the hired vehicle or vehicles."

In holding that the casualty company was not entitled to recover from Simmons the amount of the judgment which it had paid pursuant to the terms of its policy, the District Judge said [153 F. Supp. 660]:

"In the view we take of this case, it is unnecessary to decide the rights between Webb and Simmons in the absence of a contract, because the lease here clearly defines the rights between them. The contract appears to be a standard form and presumably prepared by Webb who is the interstate carrier; the evidence shows that Simmons was not an interstate carrier licensed by the Interstate Commerce Commission. The contract plainly provides that the equipment can be used for him only for lessee during the existence of the lease and engaged in carrying interstate commerce in compliance with federal laws and regulations. It is further agreed that lessee shall obtain the required insurance covering the operation and it is stipulated that lessee was to retain 20% of the gross earnings of the equipment and lessor was to have 80%. It is significant that the contract specifies that lessee shall procure the public liability insurance but fire, theft and collision insurance on the equipment is left entirely to the lessor. The writing properly interpreted clearly shows that the public liability is to protect the equipment for both and the cost is to be paid by the lessee out of the hired equipment's earnings, but if other insurance to the equipment is desired, it is left to the option of the lessor and at his expense. The lease does not warrant an implication that the insurance carrier would have redress against lessor or lessee for indemnity."

With this we are in thorough accord. We think, as did the District Judge, that the policy must be interpreted to cover the liability of Simmons and the driver of the truck for injuries and damage inflicted while it was being operated in the business of Webb; but, quite apart from this, we think it perfectly clear that the casualty company is not entitled to recover from Simmons the judgment that it has paid under its policy for damages inflicted by the operator of the truck in the business of Webb. The lease agreement provided that Webb should procure insurance to cover this liability, and the reasonable interpretation of the agreement is that it should protect against all liability arising out of the operation, not that it should protect merely the liability of Webb with the right of Webb or the insurer to recover over against Simmons the amount of any liability they might be required to pay. Without going into the question as to whether the liability of Webb, without reference to the agreement respecting insurance, is primary or secondary, it would be unconscionable, in the light of the provision in the lease agreement, to allow Webb to recover of Simmons indemnity for the liability which Webb had agreed with Simmons to cover with insurance; and, of course, the rights of the casualty company by way of subrogation cannot be superior to the rights of Webb.

Directly in point, we think, is the decision of this court in War Emergency Co-op Ass'n v. Widenhouse, 4 Cir., 169 F.2d 403, 407, where there was an effort by the insurer of a carrier to recover over against the owner of a truck being operated in the name of the carrier for damages caused by the negligence of the driver of the truck. Under the circumstances of that case, where the truck was being operated for the benefit of the owner and merely in the name of a co-operative association, we held, nevertheless, that where public liability insurance had been taken out pursuant to agreement between the parties to cover liability arising from the operation of the truck, the company upon settling the

liability could not recover over against the owner. The fact that the premiums on the insurance were charged against the owner in that case is not a distinguishing circumstance. Here they were paid under contract with the owner from the proceeds of operation. In that case we said:

"We come then to the question as to whether defendant may have judgment over against Widenhouse for the judgments rendered in favor of the other plaintiffs. We are disposed to agree with the contention that the primary liability for the explosion rests upon Widenhouse, and that, since defendant is liable to Marie Widenhouse and Beard only because the truck was operated under its license, its liability should be treated as secondary, with recovery over, in the absence of some countervailing equity. Gregg v. City of Wilmington, 155 N.C. 18, 24, 70 S.E. 1070, 1073; Travelers' Ins. Co. v. Great Lakes Engineering Works Co., 6 Cir., 184 F. 426, 431, 36 L.R.A.,N.S., 60; Gray v. Boston Gaslight Co., 114 Mass. 149, 19 Am. Rep. 324. There is a countervailing equity here, however; and it is to be remembered that the right to recover over rests entirely upon equitable principles. Taylor v. J. A. Jones Const. Co., 195 N.C. 30, 141 S.E. 492. Defendant under agreement with Widenhouse covered the truck with property damage and public liability insurance. This was for the benefit of Widenhouse and the premiums were charged against collections made in his behalf. Defendant thus assumed responsibility for claims arising out of the operation of the truck; and neither it nor the insurance company covering the risk should be heard to ask recovery over against Widenhouse for claims which the insurance was to cover."

The casualty company relies upon Newsome v. Surratt, 237 N.C. 297, 74 S.E.2d 732. In that case, however, there was an express agreement by the lessor of the truck to indemnify the lessee against any loss resulting from the negligence of the driver and there was no such agreement as there is here requiring the lessee to cover liability for the operation of the truck with public liability insurance. Even if it be assumed that the liability of the lessee here was a secondary liability and that recovery over might be had against the lessor in the absence of a countervailing equity, we think that the countervailing equity is to be found in the fact that the contract beween lessor and lessee required that public liability insurance be carried. If such insurance had been intended to cover merely the liability of the lessee, there would have been no sense in inserting a provision with regard thereto in the contract.

Affirmed.

Chief Judge PARKER, who prepared this opinion, died before the opinion was announced.