Frank A. Gulotta, J.
The motion for judgment on the claim over herein by the owner of the automobile against the operator, which was left with the court for decision, is based upon the familiar right of indemnity which one tort-feasor has against another, where the former is held liable vicariously for the active wrongdoing of the latter, and without any fault on the part of such owner. (Traub v. Binder, 309 N. Y. 395.)
In pronouncing such a judgment, the court is bound to take cognizance of the realities of the situation and not to grant a judgment which, on all the facts, a party is not entitled to. Here the Royal Indemnity Company, the insurance carrier for the owner Führer, seeks to divorce itself from involvement in the claim over so as to gain an advantage which it is not entitled to.
In the litigation it did, as it had the right to, deny Führer’s responsibility for the accident on the ground that Renahan had no permission to use the Führer automobile. The jury’s verdict against both Führer and Renahan in the sum of $81,685 conclusively determined that issue adversely to that contention. Since Royal was in complete charge of the defense in this case, that verdict is as binding on Royal as it is on Führer, as a collateral estoppel. Consequently Renahan is an “ Insured ’ ’ under the Führer policy, a specimen copy of which was submitted to the court together with counsel’s statement that the limits are $100,000 and $300,000.
The policy reads:
“ Part I — Liability.
“ Coverage A — Bodily Injury Liability;
“ Coverage B — Property Damage Liability
‘ ‘ To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
“ A. bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘ bodily injury ’, sustained by any person;
*254 “ B. injury to or destruction of property, including loss of use thereof, hereinafter called ‘ property damage ’;
‘ ‘ arising out of the ownership, maintenance or use of the owned automobile ”.
‘ ‘ Persons Insured * * *
“ (a) With respect to the owned automobile,
“ (1) the named insured and any resident of the same household,
“ (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured ”.
‘‘ Definitions * * *
“ ‘ insured ’ means a person or organization described under 6 Persons Insured ’ ”.
The policy also provides for subrogation as follows:
‘112. In .the event of any payment under this policy, the company shall be subrogated to all the insured’s rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.”
If the court were to adopt Royal’s view, we would have the spectacle of the insurance company paying a judgment against one assured and then by subrogation collecting it from another assured for whom it is equally bound to pay the same judgment.
As is stated in Richards on Insurance (vol. 2 [5th ed.], § 185, p. 658): “ An insurer clearly may be subrogated to its insured’s claim against a third party who tortiously causes the loss, but no subrogation emsts against the insured or co-insured whose negligence caused the loss. Generally, where an agent and his principal are both covered by an automobile liability policy, the insurer has no right of subrogation to recover from the negligent agent the loss due to the liability which he cast upon his principal.” Citing the following cases in support thereof:
‘‘ Insurer did not have a right of action against person to whom the named insured lent his automobile, even if person was at fault, since such person was intended to be covered as an additional insured under policy. Western States Mut. Ins. Co. v Standard Mut. Ins. Co. 26 Ill App 2d 378,167 NE 2d 833.
‘1 See Miller v Kujak 4 Wis 2d 80, 90 NW 2d 137 (tortfeasor was an additional insured under policy).
1 ‘ Contract between homeowner and contractor which required owner to carry fire insurance naming contractor as one of the *255 insured barred insurer from maintaining a subrogation suit against contractor, who became its own insured. Smith v Ryan (Fla) 142 So 2d 139.
“Where policy procured by conditional purchaser protected conditional purchaser and conditional vendor as their interest may appear, insurer could not sue vendor as subrogee of purchaser. Mattera v Mack Trucks, Inc. 38 Mise 2d 256, 235 NTS 2d 89.
“Lessor’s insurer could not recover against lessee where lease agreement required lessor to procure public liability insurance. American Fid. & Cas. Co. v Simmons, 253 F 2d 634 (CA 4).”
It should also be noted that section 167 (subd. 1, par. [b]) of the Insurance Law gives to an “insured” a right of action against the insurance carrier for the amount of an unsatisfied judgment up to the limits of the policy.
Of course had the verdict in this case exceeded the policy limits, to that extent the owner’s claim over against the active wrongdoer would remain unimpaired, just as it would be if there were no insurance. However, in view of the figures involved, that variation is not a consideration in this case.
The motion for judgment is therefore denied and the cross claim dismissed, with costs.