SALVATORE VESCERA, as Father of JAMES VESCERA, an Infant, et al., Plaintiffs, v. MATHEW J. DANCY et al., Defendants.

Supreme Court, Special Term, Albany County, February 6, 1967.

*Carter & Conboy* for Stephen Strode, defendant. *Ainsworth, Sullivan, Tracy & Knauf* for Town of Milton, defendant. *Medwin, Couch & McMahon* for Mathew J. Dancy, defendant.

HAROLD E. KOREMAN, J. Motions are brought by the defendants Stephen Strode and the Town of Milton for an order dismissing the cross complaints of the defendant Mathew J. Dancy against each of them pursuant to CPLR 3211 (subd. [a], par. 7).

The action is brought to recover for personal injuries sustained by the infant plaintiff who was a passenger in the automobile owned by Mathew J. Dancy and operated by Stephen Strode, and are alleged to have been sustained when the said automobile was driven off the highway striking a tree in the Town of Milton, Saratoga County.

The main complaint alleges that the operator, at the time of the accident, was operating the automobile with the consent and permission of the owner; that it was operated in a careless and negligent manner, and sets forth the various acts of negligence charged against the operator. Plaintiffs also charge the Town of Milton with negligence in permitting the highway to become slippery and dangerous, and in failing to warn and to protect vehicles from sliding or being operated off the highway at the location of the accident. In his answer the owner denies that the automobile was being operated with his consent and permission at the time of the accident.

The cross complaint of the owner against both the operator and the Town of Milton alleges that his automobile was being operated without his consent and permission and contrary to his instructions; that if the alleged injuries were sustained by the infant plaintiff, they resulted from the active negligence, if any, of the operator and of the town, in which case the owner claims the right to recover over as against them any judgment obtained by plaintiff against him. In addition, as a separate and distinct cross claim against the operator, the owner alleges that by reason of the active negligence of the operator he is required to incur expenses for legal fees in defense of this action, for which he seeks to recover over against the operator.

Under the factual situation developed in plaintiffs' complaint, if it is found that the automobile was being operated with the consent and permission of the owner, as concerns the cross complaint against the Town of Milton, the vicarious liability of the owner for the operator's negligence (Vehicle and Traffic Law, § 388) cannot be passed on to the town if it is also found to be negligent. If, on the other hand, it is determined at the trial that the vehicle was being operated without the consent and permission of the owner, there could be no recovery against him and no reason for indemnification. (*Anderson* v. *Liberty Fast Frgt. Co.*, 285 App. Div. 44, 45).

With respect to the cross claim of the owner against the operator based on absence of permission to operate the vehicle, such cross claim cannot be maintained. In the event it is determined that the vehicle was being operated without the owner's permission, there would be no liability on the part of the owner, and, consequently, no basis for indemnification since there would be no recovery against him. If a jury should find that there was permission to operate the owner's vehicle, then under the authority of *Beck* v. *Renahan* (46 Misc 2d 252, and the cases and authorities cited therein) the operator would be an " insured " under the terms of the standard automobile liability policy issued to every registered owner of a motor vehicle in this State (Insurance Law, § 167, subd. 2), and the payment of any verdict in such a case would be simply what the owner's liability carrier is required to do. While an owner of a vehicle may cross claim against the operator on the theory that liability is imposed on him by statute for the active negligence of the operator (*Traub* v. *Dinzler*, 309 N. Y. 395), the court cannot ignore the realities of the situation and permit a cross claim which, on all the facts, a party is not entitled to (*Beck* v. *Renahan, supra*).

The owner contends that his right to indemnification should be reserved for the trial since it is not known at this time whether plaintiffs will seek to hold him liable for the alleged negligent operation of the automobile, or on the ground that it was defectively equipped. We do not have here, under the facts as alleged, a situation where one party negligently creates a danger for which a second party may be liable to an injured person on the basis of constructive notice only of the dangerous condition. In such a case, if the second party is required to pay damages because of his failure to discover what he should reasonably have discovered, he is permitted to recover over against the first and primary party in the negligence situation. (*Ruping* v. *Great Atlantic & Pacific Tea Co.*, 283 App. Div. 204; *Jackson* v. *Associated Dry Goods Corp.*, 13 N Y 2d 112.) Nor is this a case where a defendant owner of an automobile seeks to recover over against the manufacturer or against one who has made repairs to the automobile based on a claim of defective equipment. If, under the pleadings in such a case, the defective equipment could be found to be the sole cause of the accident, of which the owner had only constructive notice, then the owner would be passively negligent only with the right to indemnification. (*Alfano* v. *Amchir*, 23 A D 2d 659.) The main complaint here makes no allegation against the owner charging defective equipment per se as being the cause of the accident, but simply contains the usual allegation generally contained in a complaint

charging negligent operation of a motor vehicle that the operator failed to provide good and sufficient brakes and equipment. This allegation is coupled with the charge that the operator failed to apply the brakes properly. It is apparent from a reading of the entire complaint that plaintiffs are alleging, insofar as the brakes are concerned, that the operator failed to properly apply the brakes under the conditions then existing on the highway, and that he was unable to bring the vehicle to a stop because of the condition of the highway and the negligent manner of his driving, including the manner in which he applied the brakes. In my opinion, plaintiffs' complaint is not susceptible of any other interpretation.

As to the cross claim asserted against the operator that the owner is entitled to recover the reasonable value of legal services incurred by him in defense of this action because of the active negligence of the operator, such a cross claim is without any legal basis.

Under the standard automobile liability policy which is required before any motor vehicle can be registered in this State (Vehicle and Traffic Law, § 312), the owner's insurance carrier was required to furnish him with a defense in the action. As previously stated, if it is determined that the vehicle was operated with the owner's permission, then the operator is also an insured under the owner's policy and would be entitled to be defended by owner's carrier. Furthermore, while it appears that the owner's carrier did not furnish the operator with a defense, if there is a finding of permission, the operator would have a right of action against the owner's carrier for the amount of any unsatisfied judgment recovered against the operator up to the policy limits (Insurance Law, § 167, subd. 1, par. [b]). In any event, the cause of action for legal fees incurred by the owner in defense of this action, attempted to be asserted by way of this cross claim, would not arise unless and until the jury found that the operator did not have permission. " The mere fact that a pleader can hypothesize a set of facts does not mean he has a cause of action or that a justiciable controversy exists " (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3014.12). Here the owner is alleging a hypothetical cause of action as a basis for indemnification rather than a presently existing one against the operator. The claim over on this asserted ground is, therefore, premature, and fails to allege any facts, as pleaded, that would entitle the owner to be indemnified.

Accordingly, the motions are granted and the cross claims are dismissed.