KENNETH ARCHIBALD, administrator of estate of Mildred Pauline Archibald, deceased, appellant, v. MIDWEST PAPER STOCK COMPANY et al., appellees.

MIDWEST PAPER STOCK COMPANY, cross-petitioner, appellee, v. DART TRANSIT Co., defendant to cross-petition, appellant.

No. 52278.

(Reported in 148 N.W.2d 460)

2

FEBRUARY 7, 1967.

Pryor, Riley, Jones & Walsh, of Burlington, for appellants Kenneth Archibald and Dart Transit Co.

Cromwell & Cahill, of Burlington, for appellees Midwest Paper Stock Company and Cecil J. Morris.

MASON, J.—Kenneth Archibald, administrator of the estate of Mildred Pauline Archibald, brought this law action against Midwest Paper Stock Company and Cecil J. Morris to recover damages for her death from a collision between an automobile

driven by her and a tractor-trailer operated by Morris, owned by Midwest. Plaintiff alleges in his petition that Morris, an employee of Midwest, was guilty of negligence which was the proximate cause of decedent's death and damage to her vehicle. In answer defendants denied all pertinent allegations.

Subsequently Midwest, permitted by the court to bring Dart Transit Co. into the case pursuant to rule 34, Rules of Civil Procedure, filed a cross-petition against Dart, alleging that at the time of the accident the tractor-trailer had been leased by Midwest as owner-lessor under a written agreement to Dart as lessee; Morris at the time of the accident was Dart's employee; his negligence was the cause of the collision, and praying for judgment against Dart for any amount plaintiff might recover against Midwest. A copy of the lease between Midwest and Dart was attached to the cross-petition.

Dart's insurance carrier gave notice to Morris, Midwest and its insurance carrier that it proposed to settle with plaintiff for $15,000, made demand upon them, as the parties primarily responsible for payment of damages in the case, to effect a settlement and advised them that if Dart's liability carrier settled the matter for this amount they would be entitled to full indemnification. When neither defendant effected settlement or protested the reasonableness of it, Dart's insurance carrier paid plaintiff $15,000 in return for a covenant not to sue and an assignment to Dart.

Dart then filed its amended and substituted cross-petition, admitting execution of the lease, alleging Morris was an employee of Midwest driving the tractor-trailer with its consent in the course of his employment.

In Division I Dart alleged that under paragraph 9 of the lease it was entitled as trustee for its insurance carrier to judgment against Midwest as indemnification and reimbursement for the $15,000 paid plaintiff in settlement and for indemnification and judgment over against Midwest, indemnifying it for any judgment plaintiff might recover from Dart.

Division II is similar but based on the theory of common-law indemnity.

Midwest filed its motion to dismiss and strike Dart's cross-petition, contending under the former that the facts stated therein failed to show Dart entitled to any relief against Midwest under proper construction of the lease.

I. The lease between the companies consists of ten paragraphs, each covers generally only one subject. Paragraph 1 refers to time; 2 to exclusive possession and responsibility as to equipment; 3 to lease payments; 4 to territorial operations; 5 to advance payments; 6 to maintenance of equipment; 7 to driver; 8 to operation of equipment according to certain rules. The construction of paragraphs 9 and 10 of the lease is involved in the trial court's rulings from which plaintiff and Dart appeal. We set them out.

"9. The LESSOR agrees that LESSEE shall not be liable for any loss or damage to or destruction of said leased equipment while it is being operated by or is in the care and control of driver(s) furnished therewith. The LESSOR agrees to indemnify and save LESSEE harmless against (1) any claims resulting from the injury or death of any driver(s) furnished therewith, (2) any loss or damages resulting from the negligence, incompetence or dishonesty of such driver(s), and (3) of any loss, damage or happening giving rise to claims on the part of shippers.

"10. The LESSEE is to carry and pay for public liability, property damage, and cargo insurance incident to the operation of said equipment herein while such leased equipment is being operated exclusively in the interests of the LESSEE and not otherwise, but it is specifically and mutually agreed by and between LESSOR and LESSEE that such insurance so agreed to be carried by LESSEE shall be insurance for the benefit of the LESSEE and the public, and LESSOR only while in the service of the LESSEE, except as hereinbefore provided."

II. There were in effect two rulings on Midwest's motions to dismiss Dart's cross-petition, one dismissing Division I of the cross-petition and one dismissing Division II. The two rulings are consolidated on this appeal by stipulation of the parties.

Appellants contend it was error to rule in effect Dart could not recover indemnity from defendant Midwest under the terms

of the lease between them; that proper construction gives rise to a cause of action for indemnity.

Dart argues paragraph 9 sets out three situations in which Midwest as lessor will indemnify it as lessee; clauses 1 and 3 are not applicable here and the court's interpretation removing from the indemnity provision the portion of clause 2 referring to loss or damages resulting from negligence of the driver on the ground paragraph 10 required Dart to carry public liability insurance for Midwest's benefit was error.

Appellee contends on the other hand paragraph 9 of the lease governs liability of the parties insofar as it relates to the injury or death of the driver, loss, damages or destruction of the leased equipment resulting from the driver's negligence, incompetence or dishonesty, and loss resulting in claims on the part of shippers. This paragraph does not relate to third parties upon the highways. Midwest argues a proper interpretation of the lease does not require it to indemnify Dart, particularly in view of paragraph 10 which obligates Dart to carry public liability insurance, property damage and cargo insurance incident to the operation of the leased equipment for the benefit of "the lessee and the public, and lessor only while in the service of lessee, except as hereinbefore provided."

The trial court's ruling determined that under the lease Morris was at the time of the accident Midwest's employee and stated that as a general rule, in the absence of a countervailing equity, the lessor and lessor's driver are primarily liable and the lessee secondarily liable for damages caused by the driver's negligence; lessee is entitled to indemnity from the lessor and his driver for any sums properly paid to an injured party, citing Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 49 N.W.2d 501.

"Countervailing equity" is defined in Black's Law Dictionary, Fourth Ed., page 635, as "a contrary and balancing equity; an equity or right opposed to that which is sought to be enforced or recognized, and which ought not to be sacrificed or subordinated to the latter, because it is of equal strength and justice, and equally deserving of consideration."

The trial court found a countervailing equity in the fact that paragraph 10 of the lease between the companies required Dart to carry liability insurance.

We agree with the court's finding. If such insurance had been intended to cover merely the liability of the lessee, there would have been no purpose in inserting a provision with regard thereto in the contract. American Fidelity and Casualty Co. v. Simmons (1958, 4 Cir. N. C.), 253 F.2d 634, 637. In that case the lease provision found by the court to sustain a finding of a countervailing equity was less favorable to the lessor there than the provision contained in paragraph 10 here. The provision under consideration was:

"6. Lessee agrees to procure liability and property damage and cargo insurance as required by law for the operation of the foregoing equipment for the duration of this lease, but it will not procure any fire, theft or collision insurance on said equipment the latter being left entirely to the lessor."

Paragraph 10 requires the lessee to procure insurance for the benefit of lessee, the public and lessor; the clause considered in American Fidelity and Casualty Co., supra, simply provided the lessee should procure liability, property and cargo insurance as required by law.

III. The court held paragraph 9 standing alone entitled Dart to indemnity; paragraph 10 standing alone denied Dart indemnity. Conceding for the sake of argument that the two paragraphs appear to be repugnant, their relative position in the lease is not of importance.

"* * * (T)his jurisdiction has adopted the rule that a contract should be read and interpreted as an entirety rather than seriatim by clauses and that the position of clauses in such instrument is not material or controlling. We think this holding is in accord with the majority of the better considered and more modern authorities elsewhere." Mealey v. Kanealy, 226 Iowa 1266, 1277, 286 N.W. 500, 506, 131 A. L. R. 945, where the authorities are collected and reviewed.

In light of the rule thus announced the trial court concluded paragraph 9 of the lease was to be given effect to the extent "that the lessee shall not be liable for damages to or

destruction of the leased equipment while being operated by lessor's driver and further that the lessor shall indemnify and hold lessee harmless from any claims arising from the injury or death of the lessor's driver or damage resulting from the incompetence or dishonesty of such driver, * * * that the rest of paragraph 9 is modified by paragraph 10 which requires lessee to carry public liability, property damage and cargo insurance for the benefit of the lessee, the lessor and the public."

Dart argues the court's removal of the word "negligence" from clause (2) of paragraph 9 destroys the purpose for which the indemnity provisions of paragraph 9 were included in the lease; a proper interpretation must be based on a finding that the insurance requirement in paragraph 10 is a limited one "for the benefit of the lessor except as hereinbefore provided." It asserts this interpretation excepts from the requirement that Dart provide insurance for Midwest those claims for loss or damage for which Midwest in paragraph 9 agreed to indemnify Dart, including indemnification against damage arising from the negligence of Midwest's driver.

In attempting to limit the provisions of paragraph 10 Dart contends the liability coverage was intended to cover situations not included in paragraph 9, and one of these situations could be where a third party was injured as the result of the negligence of a driver not supplied by lessor Midwest.

This argument overlooks the provisions of paragraph 2, expressly providing the leased equipment is in the exclusive possession and control of the lessee and that at no time was the equipment to be operated by anyone but the lessor's driver as provided in paragraphs 7 and 8 of the lease. Nowhere in the lease is it stated that the duty of lessee to carry insurance for the benefit of itself and lessor is limited to a situation where a driver other than the one furnished by lessee is operating the vehicle. Nowhere in paragraph 9 is public liability insurance or any obligation on the part of lessor to provide it mentioned. Certainly public liability was considered by the parties. As a matter of fact, it was expressly mentioned in both paragraphs 2 and 10 and the lessee's duty in respect thereto was specifically provided,

IV.  The lease, a printed form, was prepared and furnished by Dart for a one-trip transaction beginning September 16, 1963, and ending September 18, and involved the transportation of property from Austin, Minnesota, to Burlington.

Where a contract is so ambiguous or uncertain that the intention of the parties is not clear, the doubtful language is to be interpreted most strongly against the one who chose it.  Morris Plan Leasing Co. v. Bingham Feed and Grain Co., 259 Iowa 404, 414, 415, 143 N.W.2d 404, 411, citing 3 Corbin on Contracts, section 559.

The trial court interpreted subparagraph 2 of paragraph 9 as covering a loss or damages to the equipment resulting from the negligence, incompetence or dishonesty of the driver.  It did this without disturbing the context of the paragraph and by giving effect to the plain purpose of paragraph 10.

Dart's contention that this was error cannot be sustained.

Nor can we give to the clause "except as hereinbefore provided" the legal effect contended by Dart.

In American Fidelity and Casualty Co. v. Simmons, supra, 253 F.2d 634, Webb Transfer Lines, an interstate common carrier, hired Simmons' truck and driver for a certain trip.  Lessee agreed to carry a liability insurance policy on the leased vehicle.  While being operated under this contract, the truck driven by Simmons' employee collided with an automobile and caused damage.  Lessee's insurance company paid a judgment obtained by an injured party against lessee and then sought to recover indemnity from lessor.  In affirming the judgment denying recovery the court stated at page 636:

"The lease agreement provided that Webb [Lessee] should procure insurance to cover this liability, and the reasonable interpretation of the agreement is that it should protect against all liability arising out of the operation, not that it should protect merely the liability of Webb with the right of Webb or the insurer to recover over against Simmons the amount of any liability they might be required to pay.  Without going into the question as to whether the liability of Webb, without reference to the agreement respecting insurance, is primary or secondary,

it would be unconscionable, in the light of the provision in the lease agreement, to allow Webb to recover of Simmons indemnity for the liability which Webb had agreed with Simmons to cover with insurance; and, of course, the rights of the casualty company by way of subrogation cannot be superior to the rights of Webb."

In support of its position the court cited War Emergency Co-op. Assn. v. Widenhouse (4 Cir.), 169 F.2d 403, and also distinguished Newsome v. Surratt, 237 N. C. 297, 74 S.E.2d 732, strongly relied on here by Dart. American Fidelity and Casualty Co. v. Simmons, supra, is cited in Pacific National Insurance Co. v. Transport Insurance Co. (1965, 8 Cir., Ark.), 341 F.2d 514, 519. It is also cited and relied on in American Fidelity & Casualty Co. v. Johnson (Court of Appeals Ky.), 336 S.W. 2d 351, 354, and in Beck v. Renahan, 46 Misc.2d 252, 259 N. Y. S.2d 768, 771. The case is also cited in 2 Richards on Insurance, Fifth Ed., section 185, as support for the proposition "lessor's insurer could not recover against lessee where lease agreement required lessor to procure public liability insurance."

Dart also relies on Kramer v. American Fidelity and Casualty Co. (Municipal Court of Appeals, District of Columbia) 165 A.2d 924. There the lease contained a provision similar to that embodied in paragraph 9 of the Midwest-Dart lease without a provision similar to paragraph 10 here. Although referring to Newsome v. Surratt, supra, the opinion fails to mention the Simmons case, supra, decided approximately two years earlier. We prefer to follow the Simmons case.

The question presented is whether the lease between the companies required Dart, the lessee, to carry liability insurance for the benefit of itself and Midwest, the lessor, where the loss resulted in damages to a third party on the highway from the negligence of the driver furnished by lessor. The trial court answered in the affirmative and based upon the reasoning in American Fidelity and Casualty Co. v. Simmons, supra, and the precedents which approve it, we agree with the court's interpretation that led to that construction.

The action of the trial court in dismissing Divisions I and

II of Dart's cross-petition which in effect denied it or its insurance carrier indemnity under the lease is—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.