**BARSH TRUCK LINE, INC., a Corporation, Plaintiff-Appellant,**

**v.**

**JERRY LIPPS, INC., a Corporation, Defendant-Respondent.**

**No. 32765.**

St. Louis Court of Appeals.

Missouri.

Jan. 16, 1968.

Oliver, Oliver & Jones, A. J. Seier, Cape Girardeau, for plaintiff-appellant.

Limbaugh, Limbaugh & Russell, Cape Girardeau, for defendant-respondent.

WOLFE, Judge.

This is an action whereby plaintiff sought to recover indemnity from four defend-

ants. The trial court sustained a motion to dismiss the plaintiff's petition and plaintiff has appealed.

It is conceded at this point that the only defendant against which the plaintiff seeks to state a case is Jerry Lipps, Inc. The plaintiff, Barsh Truck Line, alleged that it leased a tractor-trailer from Jerry Lipps, Inc. for the purpose of transporting canned citrus products from Lake Wales, Florida, to Paragould, Arkansas. The petition alleged that the truck was operated by Louis Lavigne, an employee of Jerry Lipps, Inc., and that the cargo was lost in a single vehicle accident caused by the negligence of the driver. Barsh Truck Line, plaintiff-lessee, was compelled to pay Donald Duck Juices Company, the shipper, the sum of $3,874.87 for the loss and damage to the cargo. By this action the plaintiff Barsh Truck Line seeks indemnity from Jerry Lipps, Inc. by reason of the terms of the lease entered into. The lease was attached to and made a part of the petition.

A motion to dismiss the petition was filed setting forth as its grounds that the petition and the lease show upon their face that the defendant is not liable. The court sustained the motion to dismiss and as stated, it is from the dismissal the plaintiff prosecutes this appeal.

The facts pleaded and admitted are that the lease attached to the petition was executed by the Barsh Truck Line, plaintiff, as lessee and Jerry Lipps, Inc., defendant, as lessor. It provided that Jerry Lipps, Inc. would lease to Barsh Truck Line, Inc. a tractor-trailer for the purpose of transporting canned citrus products from Lake Wales, Florida, on May 5, 1964, for delivery at Paragould, Arkansas, not later than May 14, 1964. It contained the following relevant provisions:

"Lessor hereby agrees to maintain his equipment in a good and efficient manner and observe all safety rules and other requirements of the Interstate Commerce Commission and all other regulatory bodies having jurisdiction.

"Lessor hereby agrees that he will personally be responsible for any damage to his equipment, regardless of cost, and further agrees to carry any fire, theft or collision insurance as he deems necessary on his own equipment and to hold harmless the Lessee for any damage to his equipment regardless of cost or nature.

"It is understood by the parties that the Lessee shall exercise absolute control and responsibility of the vehicles subject hereto, and shall exercise due care in the use of said vehicles and shall at the expiration of the term of this lease, yield said vehicles to the Lessor without further notice. This lease will terminate when Lessor has completed delivery of load covered by this lease. It is understood that all Barsh Truck Line identification will be removed at that time.

"If for any reason whatsoever, Lessor is unable to complete delivery of his load, and so advises Lessee, this lease shall terminate at that point and the terms of this lease as regards payment, shall become null and void. Responsibility for cargo to the Lessee shall remain with the Lessor until accepted by the Lessee.

"Lessor will be held responsible to Lessee for all fines, traffic and safety equipment violations. Lessor further agrees that he will personally be responsible for any shortage, loss or damage (of property being transported) due to negligence on the part of Lessor."

The lease was signed by Louis Lavigne as agent for Jerry Lipps, Inc. Lavigne drove the tractor-trailer and Jerry Lipps, Inc. was his general employer.

The appellant states as its sole contention on appeal as follows:

"The Court Erred in Dismissing Plaintiff's Amended Petition Because It Can-

not Be Said That the Equipment Trip Lease (Exhibit A) Itself Shows Conclusively That the Driver of the Equipment at the Time of Loss Was the Agent, Servant and Employee of Plaintiff Thereby Barring Plaintiff From Recovery."

The point raised properly singles out the issue that is determinative of this matter, that is, who was the employer of Lavigne at the time the cargo was destroyed by his negligence. Departing somewhat from this determinative issue it is argued by the appellant that it has a right to indemnification. This right would exist against an agent under contract to the plaintiff where the plaintiff suffered a loss occasioned by its own agent's negligence. State ex rel. Algiere v. Russell, 359 Mo. 800, 223 S.W.2d 481; Brown v. Park Transportation Company, Mo.App., 382 S.W.2d 467. We are of the opinion that the operator of the vehicle in question was the employee of the plaintiff-lessee and not the employee of the lessor. But no claim for indemnification is made against the driver. The claim is against his general employer. After the citation of many supporting authorities this court stated in Ellegood v. Brashear Freight Lines, 236 Mo.App. 971, 162 S.W.2d 628, 1.c. 633:

"From the foregoing cases we find the law to be that the relation of employer and employee exists as between a special employer to whom an employee is loaned and said employee whenever the following facts concur: (a) consent on the part of the employee to work for the special employer; (b) actual entry by the employee upon the work of and for the special master pursuant to an express or implied contract so to do; (c) power of the special employer to control the details of the work to be performed and to determine how the work shall be done and whether it shall stop or continue."

There can be no doubt about provision (a) of the above paragraph being fulfilled for the driver signed the lease for the lessor. As for (b) he entered into the work, and as to (c) the lease provided that the lessee shall exercise "absolute control and responsibility of the vehicle." The right of control is the determining factor when the other factors are met and the right of control was clearly in the lessee under the terms of the lease. Gardner v. Simmons, Mo., 370 S.W.2d 359. The quotation set out above from the case of Ellegood v. Brashear Freight Lines was cited with approval by the Missouri Supreme Court in Wright v. Habco, Inc., 419 S.W.2d 34, 1.c. 36.

The appellant also relies on that portion of the lease which states that the respondent-lessor, Jerry Lipps, Inc. is responsible for any shortage, loss or damage of property being transported due to negligence on the part of the lessor. Since the lease had delegated all responsibility to the lessee except for the maintenance of the equipment the negligence of the lessor could only occur in matters for which it held itself responsible such as the maintenance of the equipment. The negligence of the lessee's employee as Lavigne was could not be imputed to the lessor who was not at that time his master. We do not find this provision relating to lessor's negligence inconsistent with the absolute control given to the lessee.

For the reasons stated above we conclude that the point raised is without merit and we affirm the judgment of the trial court.

ANDERSON and RUDDY, JJ., concur.