J. Irwin Shapiro, J.
This is a motion ‘1 for an order granting leave to the defendant Joseph Mullen to serve an amended answer containing a cross complaint against the defendant David Devinney ”.
*226 The complaint in this negligence action demands judgment in the sum of $250,000 in behalf of plaintiff Marlene Ammann and in the sum of $75,000 in behalf of the plaintiff Wilhelm Ammann.
The defendant Devinney was the driver of the automobile involved in the accident. The moving defendant Mullen was the owner.
It is undisputed that the policy of insurance issued by the Midwest Mutual Insurance Company to the defendant Mullen contains a limit of liability in the sum of $10,000 to cover the injuries allegedly sustained by the plaintiffs.
It is obvious that if a judgment is rendered against the defendant Mullen, it will be based solely upon the ground that he is derivatively liable by reason of his ownership of the motor vehicle in question (Vehicle and Traffic Law, § 388) and that he would have a legitimate claim over against the active tort-feasor, the defendant Devinney, the driver of the automobile. (Naso v. Lafata, 4 N Y 2d 585, 590; Traub v. Dinzler, 309 N. Y. 395.) Accordingly, as one merely derivatively liable, Mullen has an assertable cross claim against Devinney, the actual tort-feasor.
Citing Vescera v. Dancy (52 Misc 2d 830), decided on February 6, 1967 by the Albany County Special Term of the Supreme Court, Devinney contends that this motion does not lie because subdivision 2 of section 167 of the New York State Insurance Law makes Devinney, the driver, an “ insured ” under the terms of the standard automobile liability policies issued to every registered owner of a motor vehicle in this State and the ‘ ‘ payment of any verdict in such a case would be simply what the owner’s liability carrier is required to do.” Upon that basis, the court in Vescera concluded that1 ‘ While an owner of a vehicle may cross-claim against the operator on the theory that liability is imposed on him by statute for the active negligence of the operator (Traub v. Dinzler, 309 N. Y. 395), the court cannot ignore the realities of the situation and permit a cross claim which, on all the facts, a party is not entitled to ” (citing Beck v. Renahan, 46 Misc 2d 252).
In my opinion, Devinney’s reliance upon the Vescera case is misplaced. The ratio decidendi for the determination in that ease was that the driver of the automobile, as an additional insured under the owner’s policy, was also covered by the owner’s insurance policy and that, therefore, the prosecution of the claim over would amount to engaging in a futile gesture. The court in that case apparently failed to consider the kind of a situation here presented where concededly the owner’s insurance *227 policy, if there is a recovery in excess of $10,000, will not he sufficient to hold him harmless.
In citing Beck v. Renahan (46 Misc 2d 252) as its authority for the dismissal as a pleading of the owner’s cross-claim against the driver, the court in Vescera apparently overlooked the fact that in Beck the dismissal of the cross claim took place after a trial and after a factual determination that the owner’s insurance coverage exceeded the amount of the jury verdict. The court in Beck made the reason for its dismissal of the cross claim crystal clear when it said (p. 255): “ Of course had the verdict in this case exceeded the policy limits, to that extent the owner’s claim over against the active wrongdoer would remain unimpaired, just as it would be if there were no insurance ”.
In Winnick v. Kupperman Constr. Co. (29 A D 2d 261, 265, decided approximately a year after the Vescera case), the Appellate Division, Second Department, reiterated the rule that ‘ ‘ an owner held derivatively liable solely by reason of its ownership, may claim over against the driver-parent, who is the active tortfeasor ’ ’, and in answering the contention that since the driver was an additional insured under the automobile liability policy held by the owner of the automobile, the latter (p. 265) “ should not be permitted to assert a third-party action against him [the driver] ”, the court pointed out that the amount sued for exceeded the amount of the owner’s coverage under the policy and that, therefore (p. 266), “ no dismissal, [of the cross claim] can be had until the extent of the plaintiffs’ recovery can be compared with the insurance coverage available.” The court then went on to cite Beck v. Renahan (supra) for the proposition that it would be premature prior to the trial to attempt to resolve the question whether (p. 266) “ on the basis of available insurance coverage ” the owner would be entitled to any indemnity from the driver. It thereupon concluded (p. 266) “that the cross motion by the third-party defendant to dismiss the third-party complaint was properly denied ’ ’ by Special Term.
In an article by Joseph M. McLaughlin, Professor of Law at the Fordham University School of Law, which appeared in the Syracuse Law Review (vol. 20, No. 2, pp. 449, 474), Professor McLaughlin concisely stated the New York rule to be that, “ Even though the owner and the driver are both covered by the same liability insurance policy (the owner as ‘ named insured, ’ the driver as an ‘ other insured ’), the owner may implead the driver in those cases where the owner is exposed to liability in excess of the insurance coverage.”
Under the circumstances, the motion of the owner defendant *228 Mullen to serve an amended answer containing a cross-claim against the defendant driver is granted.
The court cannot refrain from pointing out that the defendant Mullen, in moving to amend his answer, failed to serve any memorandum of law to support his position and left the spadework to be done by the court.