**RURAL WATER SYSTEM NO. 1, Appellee,**

v.

**SIOUX COUNTY, Iowa, Appellant.**

**No. 61401.**

Supreme Court of Iowa.

Dec. 20, 1978.

Gerald M. Kraai, of Shull, Marshall & Marx, Sioux City, and Harold O. Postma, Asst. County Atty., for appellant.

Edwin L. Mitchell, Alton, and James A. Giles, of Wasker, Sullivan & Ward, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN, and LARSON, JJ.

LeGRAND, Justice.

This is a declaratory judgment action to determine who shall bear the cost of moving and relocating pipeline in connection with a road improvement program in Sioux County, Iowa.

The pipeline is owned by the plaintiff, Rural Water System No. 1, (hereafter referred to as RWS.) The road-widening program was undertaken by the defendant

County. The trial court ruled for plaintiff and we affirm.

The case was submitted on stipulated facts. Neither party introduced any evidence to explain the terms of the written instrument which admittedly controls the result. Therefore we look exclusively to that document for the answer.

RWS is a nonprofit corporation organized and existing under Chapter 504A, The Code, for the purpose of furnishing water to residents in rural Sioux County, Iowa. It constructed a water pipeline system to carry the water to the ultimate users. The pipeline was laid both on private and public property. When on private property, the lines were placed pursuant to right-of-way easements. When such easements were not obtainable or when it was necessary to cross public property, RWS laid its pipeline in the secondary road right-of-way under a permit issued by the County pursuant to Chapter 320, The Code. The language used in this permit governs this case.

In 1971 RWS applied in writing for a permit to install pipeline along the highway right-of-way. The application was entitled "Application for Approval of Underground Construction on County Highway Right-of-Way." The form was prepared by the county. It contained this provision:

"The applicant will at any time subsequent to placing the cable, pipe line or tile line, and at his own expense, relay, reconstruct or encase his lines as may become necessary to conform to new grades, alignment or widening right-of-way, resulting from maintenance or construction operations by the Highway Department irrespective of whether or not additional right-of-way is acquired in connection with such highway improvement. The applicant agrees to do this promptly on order by the Sioux County Highway Department, and without cost to the County. If the applicant is unable to comply promptly, the Highway Department may cause the work to be done, and the applicant will pay the cost thereof upon receipt of statement.

"The Sioux County Highway Department will endeavor to give the applicant sufficient notice of any proposed construction or maintenance work, on either existing or newly acquired right-of-way, that is likely to expose, cover up, or disturb any cable, pipe line, or tile line belonging to the applicant, in order that the applicant may arrange to protect his lines. The Highway Department will inform contractors, and others working on the job, of the location of the lines so that reasonable care may be taken to avoid damaging the lines. The County assumes no responsibility, however, for failure to give such notice."

The sole question is who shall pay to move the pipelines originally on private property but which were moved and relocated on the public highway right-of-way as part of the county road widening program.

The county argues the language by which RWS agreed to "relay, reconstruct, or encase [its] lines" at its own cost whenever necessary to conform to new grades or other highway changes is broad enough to obligate RWS to defray the cost of relaying *all* lines, whether originally on private or public property. RWS says the application, including the clause covering the cost of relocating, covers only that pipeline laid along public property pursuant to the permit issued to it by the county.

The trial court agreed with RWS and so do we. When RWS requested, and the county granted, permission to lay pipeline, the parties were primarily interested in pipeline to be located on county right-of-way. We concede the price demanded for the permit could have been the promise that RWS would pay the cost of relocating any pipeline moved to accommodate any road widening program. However, the contrary position taken by RWS is equally tenable. Unfortunately this important question was left indefinite. The trial court found the language ambiguous. We, too, believe it is.

Perhaps extrinsic evidence would have made clear the intention of the parties. *See Hamilton v. Wosepka,* 261 Iowa 299, 306–08, 154 N.W.2d 164, 168–70 (1967).

However, none was offered, and we are accordingly faced with an instrument subject to several reasonable interpretations. The form of application was prepared by the county. Any ambiguity must be resolved against it as the party selecting the language used. *Rector v. Alcorn,* 241 N.W.2d 196, 202 (Iowa 1976); *Archibald v. Midwest Paper Stock Co.,* 176 N.W.2d 761, 764 (Iowa 1970).

The county cites a number of cases claimed to be authority for its position. It would serve no purpose to discuss them. Each case must depend on the particular language used and the circumstances under which it was used. We find each case cited is distinguishable from the case at bar. None persuades us the trial court was wrong.

The judgment should be and is—

AFFIRMED.

All Justices concur except McGIVERIN, J., who dissents.

McGIVERIN, Justice (dissenting).

Being unable to agree with the result reached by the majority, I respectfully dissent.

The written instrument between the parties which the majority concedes is controlling states in part:

> "The applicant will at any time subsequent to placing the cable, *pipe line* or tile line, *and at his own expense,* relay, *reconstruct* or encase *his lines as may become necessary to conform to* new grades, alignment or *widening right-of-way, resulting from* maintenance or *construction operations by the Highway Department irrespective of whether or not additional right-of-way is acquired in connection with such highway improvement. The applicant agrees to do this* promptly on order by the Sioux County Highway Department, and *without cost to the County.* If the applicant is unable to comply promptly, the Highway Department may cause the work to be done, and the applicant will pay the cost thereof upon receipt of statement. (Emphasis supplied.)

I believe the emphasized language in the above agreement controls the result and places liability on the appellee, Rural Water System No. 1, to pay for the re-location of the pipeline in question.

I would hold the term "pipeline" refers to pipeline on either public or private property and therefore no ambiguity exists in the written agreement of the parties.

I would reverse the trial court ruling.